ONEY, APPELLEE, *v.* NEEDHAM, A MINOR, ET AL., APPELLANTS.*

[Cite as Oney v. Needham, 10 Ohio App. 2d 15.]

(No. 241—Decided November 22, 1966.)

*Messrs. Tuttle & Britt* and *Mr. Roy J. Gilliland,* for appellee.

*Messrs. Wiles, Doucher, Tressler & Martin, Mr. Thomas H. Monger* and *Mr. M. D. Slavens,* for appellants.

*For an earlier report in this matter, see 6 Ohio St. 2d 154.

GRAY, J. This cause is in this court on an appeal on questions of law from the Court of Common Pleas of Jackson County.

On August 10, 1960, sometime after 10 p. m., plaintiff, appellee herein, was riding as a passenger in a 1956 Chevrolet automobile which was being driven by Gene Eldon Ridgeway in a northerly direction on Bridge Street in the city of Jackson. At that time and place a 1960 Studebaker automobile was being driven in a southerly direction on Bridge Street. The driver of the latter automobile made a left turn at the intersection of Bridge and Main Streets on a green or "go" signal of a traffic device erected at that intersection. The turn was made in front of the vehicle in which plaintiff was a passenger. A collision occurred. Ridgeway and plaintiff were alleged to be injured. Plaintiff filed the present suit for damages for his alleged injury. On the trial of the cause, the court held that the driver of the Studebaker automobile was negligent as a matter of law and submitted the case to the jury only on the question of damages to plaintiff.

The petition alleges that Lisbeth Ann Needham, a minor of the age of 16 years, was the driver of the Studebaker.

A verdict for $10,000 was returned for plaintiff, and defendants, feeling aggrieved, filed their notice of appeal and assigned the following errors:

1. That the court erred in the admission and rejection of evidence.

2. That the court erred in failing to sustain defendants' motion for a mistrial.

3. That the court erred in holding that the defendants were guilty of negligence as a matter of law and in wrongfully applying the doctrine of estoppel or *res judicata*.

4. That the court erred in its general instructions to the jury.

5. That the court erred in failing to submit to the jury a verdict for the defendants although requested to do so.

6. That the court erred in overruling defendants' motion for a directed verdict.

7. That the court erred in overruling defendants' motion for a new trial.

8. That the court erred in failing to grant a remittitur in the event a new trial was not warranted.

9. Other errors apparent upon the face of the record.

A companion case arose out of the same accident, wherein Gene Eldon Ridgeway was plaintiff and Lisbeth Ann Needham, Ann D. Needham, Pat Jones, Viola Jones, Nancy Foster and Ralph Foster were defendants. It bore case No. 17005 in the Court of Common Pleas, Jackson County. Case No. 17005 has been tried, a verdict rendered for plaintiff and the judgment paid. The jury in case No. 17005, in response to an interrogatory propounded to it, found that Lisbeth Ann Needham was the driver of the Studebaker automobile.

In the trial of the present case the trial court advised counsel that the identity of the driver of the Studebaker automobile had already been established in case No. 17005, and that this finding was binding on defendants in the present action. Counsel for defendants attempted to prove that Nancy Foster Davis was the driver of the automobile at the time of the accident. Counsel for plaintiff objected to the question as to who was driving the Studebaker automobile at the time of the accident. The objection was sustained. The trial court then stated in part: "Counsel and I have talked about this matter and I have indicated that I feel on the question of the estoppel basis that this fact or issue has been determined and should not be raised in this case as an issue."

The answer was proferred: "If she were permitted to answer this particular question, she would answer it thus: that Nancy Foster Davis was driving this particular car involved in this particular accident at the time of the collision." It should be noted that the court previously had permitted plaintiff to develop the fact that Lisbeth Ann Needham was the driver of the Studebaker.

The question is thus squarely presented: Are defendants bound in case No. 17006—this present case—by a finding of fact by the jury in case No. 17005, in response to an interrogatory, that the driver of the Studebaker automobile was Lisbeth Ann Needham.

It is urged by plaintiff that the doctrine of collateral estoppel applies and that defendants, appellants herein, are bound

18

by this finding of the jury in case No. 17005. It is equally vigorously contended by defendants that they are entitled to further litigate this question and that the trial court committed reversible error in denying them the right to establish in case No. 17006 the identity of the driver of the Studebaker automobile.

The salient fact to be remembered is that Gene Eldon Ridgeway was plaintiff in case No. 17005 and Larry Oney is plaintiff in case No. 17006. Lisbeth Ann Needham, Ann D. Needham, Pat Jones, Viola Jones, Nancy Foster and Ralph Foster are the defendants in case No. 17006 and also were the defendants in case No. 17005. At the time of trial all the defendants in case No. 17006 were dismissed except Lisbeth Ann Needham and Ann D. Needham.

We think that the trial court committed prejudicial error in denying the right to defendants to introduce evidence as to the identity of the driver of the Studebaker automobile involved in the accident. This is not a proper case in which to apply the doctrine of collateral estoppel for two reasons: One, the plaintiff, the party relying on the estoppel, did not allege and prove that the judgment in case No. 17005 necessarily determined the identical issue between the same parties or their privies. *First National Bank of Cincinnati* v. *Berkshire Life Ins. Co.*, 176 Ohio St. 395. Two, material facts which were in issue in a former suit and were therein judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them and cannot be again litigated in a future action between the same parties or their privies. *Schimke, Admx.,* v. *Earley,* 173 Ohio St. 521. The plaintiff was not the same party in both cases, hence, this is not a case in which the doctrine of collateral estoppel applies.

The failure of plaintiff to amend his pleadings so as to allege the doctrine of collateral estoppel if he intended to rely on such doctrine resulted in a failure of proof, and the verdict should have been directed against him. *Morgenstern* v. *Austin,* 170 Ohio St. 113.

Another error complained of is that the trial court did not charge on burden of proof. This is an error of omission to

which counsel did not call the court's attention. Therefore, it was waived. *Rhoades* v. *City of Cleveland*, 157 Ohio St. 107.

Another claimed error is that the court erred in not declaring a mistrial after a witness answered a question in the following manner:

"Q. What other doctors have you seen as a result of this injury which you incurred in this accident? A. I seen Dr. Lacey and I seen two doctors from the insurance company, I don't remember their names—

"Mr. Martin: Object.

"Mr. Martin: I move for dismissal of the jury and declaration of a mistrial.

"By the court: Overruled."

It is not every causal or inadvertent reference to insurance in the course of the trial that will necessitate a new trial, and, if a question asked in good faith elicits an answer from a witness relative to insurance, there is no misconduct warranting the termination of the trial.

Where the question by counsel or the statement by a witness is indefinite and only by conjecture could it be said to have anything to do with the defendant's insurance it is not improper, as where the reference to insurance leaves in doubt what kind of insurance or whose insurance is referred to. 88 Corpus Juris Secundum 140, Trial, Section 53.

Appellants feel aggrieved that the court, having directed a verdict for plaintiff as far as the liability of the defendants was concerned, only submitted one form of verdict which was for plaintiff. This was not error under the circumstances. *Haines* v. *Cleveland Ry. Co.*, 141 Ohio St. 523, 527.

We find no other errors in the trial of the case. The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

BROWN, P. J., and CARLISLE, J., concur.