413 F.2d 48
 William CLYDE, III, Appellant,
v.
Emma Clyde HODGE, Margaret Hodge Dauler, Frances Hodge
Gordon, Emma Hodge Sarosdy, Edwin Hodge, Jr., and
Does I Through X, inclusive.
 No. 17507.
 United States Court of Appeals Third Circuit.
 Argued March 28, 1969.
Decided July 11, 1969, Rehearing Denied Aug. 13, 1969.
 
 Maynard Garrison, Jr., San Francisco, Cal., Wallace Garrison, Pascoe & Ray, San Francisco, Cal., Robert W. Smiley, Brandt, Riester, Brandt & Malone, Pittsburgh, Pa., on the brief, for appellant.
 John C. Bane, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, Pa. John H. Scott, Jr., James H. McConomy, Pittsburgh, Pa., on the brief, for appellees.
 Before SEITZ, ALDISERT and STAHL, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 Appellant, William Clyde, III, brought a diversity action in the district court charging that by mistake, undue influence, or fraud Emma Clyde Hodge and Edwin Hodge, Jr. (the Hodges) and other unnamed individuals caused Margaret Burns Clyde (settlor), appellant's grandmother, to exclude him from participation in an inter vivos trust which was dated January 31, 1933. The Hodges, who were not beneficiaries under the trust, and their children, who were beneficiaries, were named as defendants, and all are appellees here. The trustee is not a party to the action. The relief sought was damages from the Hodges, a constructive trust placed on the trust proceeds received by the children of the Hodges under the trust, and an order determining the rights of the parties under the trust.
 
 
 2
 Before any decision was rendered by the district court in the present case, an action was brought in an Ohio state court by the Toledo Trust Company as trustee of the inter vivos trust for the purpose of 'securing advice and instructions' concerning the administration of the trust. In particular the trustee sought a determination of whether appellant had any interest in the trust assets. As the trustee's petition shows, this problem arose because the trust instrument contained a recital that William Johnson Clyde, appellant's father, had no children, whereas appellant's father did then have a child, namely appellant.[1] The children of the Hodges, but not the Hodges themselves, as well as the present appellant, together with 'all other persons known to have interests or claims of interest' in the income or corpus of the trust were named there as defendants.
 
 
 3
 The children of the Hodges answered the petition and claimed that the distributions were properly made to them pursuant to the provisions of the trust instrument and in accordance with the express intention of the settlor. Appellant also filed an answer to the trustee's petition as well as a cross-petition challenging the trustee's activities in connection with the preparation of the trust instrument and including a charge that the trustee engaged in a fraudulent scheme and conspiracy with the Hodges to deprive appellant of an interest in the trust. By the cross-petition, appellant sought a reformation of the trust instrument to provide him with the interest in the trust he would have received had the settlor been properly informed, instructed, and advised by the trustee.
 
 
 4
 After final hearing, in an unreported opinion, the Ohio court determined, inter alia, that the agreement accurately reflected the settlor's intent and that the trust was 'valid and subsisting.' It gave instructions that payments should be made in accordance with its terms. Appellant's cross-petition was dismissed with prejudice, and no appeal was taken.
 
 
 5
 Thereafter the district court granted a motion for summary judgment by appellees in our case. It ruled, inter alia, that the judgment in the Ohio action, to which the appellant had been a party, barred the instant suit 'under the principles of res judicata.'
 
 
 6
 Unquestionably, the courts of the United States must give full faith and credit to the final judgments of state courts. Constitution of the United States, Article IV, Section 1; 28 U.S.C.A. 1738; Huron Holding Corporation v. Lincoln Mine Operating Company, 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725 (1941). The district court was therefore compelled to give the Ohio judgment the same force and effect in this action as it would have been accorded by the Ohio courts.[2] We are thus faced with the question of what force and effect the Ohio court would have given its earlier judgment if this action had been brought in Ohio.
 
 
 7
 We think that as to the apellees who were parties to the Ohio litigation (the children of the Hodges) the Ohio judgment would be a complete defense to this action under the res judicata principle if it were brought in Ohio. The doctrine of res judicata, as distinguished from the more limited doctrine of collateral estoppel, requires identity both of parties (or their privies) and causes of action. The children of the Hodges and the appellant were of course parties to the Ohio litigation and, as the Ohio judgment indicated, their pleadings asserted conflicting claims to the trust proceeds in issue which were resolved on the merits. Here, as to the children of the Hodges, appellant in our view reasserts the same claim to the proceeds in issue, albeit cloaked in different legal garb. Therefore as to those appellees we agree with the district court's conclusion that appellant's claim against them is barred under the principle of res judicata. Nor is the result altered by the fact that appellant here attempts to support his action on theories not advanced in the Ohio litigation.
 
 
 8
 As to the Hodges, who were not parties to the Ohio litigation, the principal of res judicata as we employ it is inapplicable and the issue is solely whether the more limited doctrine of collateral estoppel is a defense here to appellant's claim. We think it is not. In order for the doctrine to be applicable, Ohio law requires identity both of parties and issues. Schimke, Admx. v. Earley, 173 Ohio St. 521, 184 N.E.2d 209 (1962); Oney v. Needham, 10 Ohio App.2d 15, 225 N.E.2d 280 (1966). While many jurisdictions have abandoned the requirement of identity of parties (commonly known as the requirement of mutuality), Ohio has not done so as yet. See First National Bank of Cincinnati v. Berkshire Life Ins. Co., 176 Ohio St. 395, 199 N.E.2d 863, 866 (1964). The Hodges' reliance on Pennsylvania law in connection with the need for mutuality is misplaced, because Ohio law is controlling. Thus, Ohio would not apply its earlier judgment as a bar to the action as against the Hodges, and the district court should not have given estoppel effect to the Ohio judgment insofar as the Hodges were concerned.
 
 
 9
 The district court, however, made an alternative ruling on the merits in favor of all appellees. We must consider it as to the Hodges because of our determination that the Hodges cannot assert the Ohio judgment as a defense to this action. The ruling on the merits was made pursuant to a motion for summary judgment and was based on an evaluation of conflicting affidavits and depositions. Because of the conflicting state of the evidence as to material facts the district court was not justified in making such a ruling at the summary judgment stage. Fed.R.Civ.P., Rule 56(c). The Hodges therefore cannot rely on the alternative ruling.
 
 
 10
 In support of the district court judgment, the Hodges raise numerous other defenses. Some of them constitute restatements or variations of the defenses of res judicata and collateral estoppel and are to that extent controlled by our determination of these issues. The remainder were not passed upon by the district court, but raise issues of such a nature that the district court should decide them in the first instance.
 
 
 11
 We conclude that as to all appellees other than the Hodges, the judgment of the district court will be affirmed. As to the Hodges, the judgment will be reversed and the matter remanded to the district court for proceedings consistent with this opinion.
 
 
 
 [1]
 No children were born to appellant's father after the execution of the trust instrument
 
 
 [2]
 Ohio law controls the effect to be given the Ohio judgment notwithstanding the fact that the district court was sitting in diversity in Pennsylvania. Holm v. Shilensky, 388 F.2d 54, 56, footnote 2 (2nd Cir., 1968)