**OHIO EDISON COMPANY, Appellee,**

v.

**DESSECKER et al., Appellants.**

[Cite as *Ohio Edison Co. v. Dessecker* (1993), 89 Ohio App.3d 164.]

Court of Appeals of Ohio,
Tuscarawas County.

No. 92AP100077.

Decided Aug. 16, 1993.

*Daniel M. Mills,* for appellee.

*Arthur B. Cunningham,* for appellants.

READER, Judge.

Appellants Erla Irene Dessecker, Milton Edison Dessecker, and Marion Edgar Dessecker appeal a judgment of the Tuscarawas County Common Pleas Court awarding appellee Ohio Edison Company a clearance easement over their property, with no compensation:

## Assignment of Error No. I

"The trial court erred when it overruled the appellants' motion asking that Ohio Edison Company provide them with a legal description of what it sought to appropriate."

## Assignment of Error No. II

"The trial court erred when it overruled appellants' mistrial motions, which motions were predicated upon Ohio Edison's tactic of suggesting that there was criminal misconduct of the Dessecker family."

## Assignment of Error No. III

"The trial court erred in its want of supervision of the trial, thereby permitting the jury to be confused, misled and biased.

"The want of supervision permitted Ohio Edison Company to improperly suggest that appellants were involved in criminal misconduct and improperly suggest that the 1943 easement obviated the need for the Desseckers to be compensated for the new clearance easement."

## Assignment of Error No. IV

"The trial court erred when it failed to give the instruction requested by the Desseckers, which instruction made it clear that they were entitled to be compensated for the new rights appropriated."

## Assignment of Error No. V

"The trial court erred when it gave its own instruction which vitiated Judge Spies' ruling and denied the Desseckers the constitutional right to be compensated for the new rights appropriated."

## Assignment of Error No. VI

"The trial court erred when it overruled the Desseckers' motion for a mistrial and motion for judgment notwithstanding the verdict."

Appellants own a farm consisting of more than two hundred acres in Tuscarawas County. By virtue of a 1943 easement, appellee has a one-hundred-fifty-foot-

wide right of way across the farm, for the construction and maintenance of high-voltage power lines.

Ohio Edison brought an action in 1988, seeking to appropriate a twenty-five-foot strip on the southwest side of the 1943 easement to cut "danger trees," which are trees that have the potential of falling on power lines. Following a jury trial, appellants were compensated $1,000 for the twenty-five-foot easement. In that case, the Tuscarawas County Common Pleas Court ruled that appellee could not cut trees outside the existing easements.

In 1991, appellee petitioned to appropriate a clearance easement and accompanying right of ingress and egress across the farm. In its amended petition, filed October 18, 1991, appellee described the property to be appropriated as 171.55 acres. The petition stated that the easement was necessary to provide adequate tree clearance on the northeast side of the one-hundred-fifty-foot right of way. The petition described the interest sought as an appurtenant easement for clearance of trees, and a right of way granting access to the trees.

Appellee later identified ninety-seven trees as danger trees which needed to be cut.

Following a hearing, the court found the appropriation to be necessary. Following a jury trial, the court entered a judgment granting the clearance easement, which appears in the appendix to this opinion. The jury determined that appellants were not entitled to compensation for the ninety-seven trees or for damage to the land from the clearance easement. The court entered judgment in accordance with the verdict.

## I

The property to be appropriated was described in the petition to include 171.55 acres of the farm.

Appellant moved for a more definite statement of the land to be appropriated in accordance with R.C. 163.05(A). The court overruled this motion.

R.C. 163.05 provides as follows:

"An agency which has met the requirements of section 163.04 of the Revised Code, may commence proceedings in a proper court by filing a petition for appropriation of each parcel or contiguous parcels in a single common ownership, or interest or right therein. The petition of a private agency shall be verified as in a civil action and all petitions shall contain:

"(A) A description of each parcel of land or interest or right therein sought to be appropriated, such as will permit ready identification of the land involved[.]

" * * *

"In the event of the appropriation of less than the fee of any parcel or of a fee in less than the whole of any parcel of property, the agency shall either make available to the owner or shall file in the office of the county engineer, a description of the nature of the improvement or use which requires the appropriation, including any specifications, elevations, and grade changes already determined at the time of the filing of the petition, in sufficient detail to permit a determination of the nature, extent, and effect of the taking and improvement. * * * "

Appellee argues that because it is appropriating less than a fee, it was not required to provide a definite statement of the land to be appropriated. However, while the statute provides for a description of the nature of the use when an agency appropriates less than a fee interest, the statute does not provide that in such a situation R.C. 163.05(A) does not apply. Rather, the statute specifically states that *all* petitions shall contain such a description of the land.

Appellee also argues that because it sought only a "tree-clearance easement," and not an interest in the real estate, a definite statement was not possible.

■ First, we find no authority in Ohio law for the appropriation of a "tree-clearance easement" as something other than an interest in the real estate. Appellee requested and received an easement over 171.55 acres of appellants' land for the purpose of clearing trees. Regardless of the name appellee has attached to this easement, the easement as recorded is an encumbrance on the land. To constitute a taking, there need not be a physical taking of the property or dispossession of the owner; any substantial interference with elemental rights growing out of the ownership of the property is a taking. *E.g., Smith v. Erie Rd. Co.* (1938), 134 Ohio St. 135, 142, 11 O.O. 571, 574, 16 N.E.2d 310, 313; *Cleveland Bakers Union v. State* (1981), 3 Ohio App.3d 57, 3 OBR 67, 443 N.E.2d 999, paragraph one of the syllabus.

The purpose of providing this description is twofold: (1) to enable the trial court to determine the necessity of the appropriation, and (2) to aid the jury in determining the appropriate amount of compensation for the appropriation.

The case proceeded to a hearing on necessity pursuant to R.C. 163.09(B), at which the burden of proof was on appellants to show that the appropriation was not necessary. *Id.* As a definite statement of the land sought to be appropriated had not been provided, the hearing focused on the necessity to cut the ninety-seven trees that appellee had marked, rather than on the necessity to appropriate an easement over the greater part of the land. However, there was evidence that the furthest tree marked as a danger tree at that time was sixty feet from the right of way. There was evidence that while it is somewhat difficult to determine the maximum distance from the conductor at which a tree needs to be cut, this

distance could be estimated using the maximum height of an Ohio hardwood tree, which is one hundred to one hundred twenty feet. Thus, it is apparent that appellee could have calculated the land necessary for the easement using a mathematical formula, and appellee could have provided a more definite statement of the land to be appropriated. As a result of the failure to provide the statement, the easement encompasses more land than is necessary.

Further, the resulting clearance easement as recorded gives appellee the right to cut any tree, wherever situated on the 171.55 acres, if in its sole discretion it finds the tree to be a danger tree. In a Perry County case, this court held:

"In effect, appellant argues that the cosmic language of the easement gives the power company unilateral authority to appropriate specific portions of the property, at its whim, for the uses anticipated in the easement, paying damages by agreement or as ultimately arbitrated.

"We believe that if so interpreted, the access provisions of the lease are so broad as to be unenforceable for vagueness, facially demonstrating a lack of mutual understanding at the time of execution of the easement agreement. Such a conclusion is in the best interest of neither party thereto." *Ohio Power Co. v. Bauer* (1989), 60 Ohio App.3d 57, 58–59, 573 N.E.2d 780, 782–783.

The clearance easement in this case is similarly vague and broad and, as a result, the owner of this property could not determine where, if anywhere, he or she could safely plant a tree. Without a proper determination that this extensive easement was necessary, it is unenforceable as written.

The first assignment of error is sustained.

## II

Appellants argue that the court erred in failing to order a mistrial when appellee referred to criminal misconduct against appellee by a member of appellants' family.

The decision as to whether to grant a mistrial is in the sound discretion of the trial court. *State v. Simmons* (1989), 61 Ohio App.3d 514, 573 N.E.2d 165.

While evidence that a relative of appellants had dynamited appellee's tower in the past was not relevant to the issues to be determined by the jury, counsel for appellants opened the door by stating in opening statement that the relations between the parties had not always been peaceful, and that the evidence would show that there had been difficulties between the parties through the years. The court did not abuse its discretion in overruling appellants' motion for a mistrial.

The second assignment of error is overruled.

### III

Errors not specifically pointed out in the record and argued by brief may be disregarded.  App.R. 12(A).  The assignments of error should designate specific rulings of the trial court which the appellant challenges on appeal.  *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.* (1984), 16 Ohio App.3d 342, 16 OBR 391, 476 N.E.2d 388, paragraph one of the syllabus.

Appellants' third assignment of error relates to the court's general supervision of the trial, and not to a specific ruling of the trial court.

Therefore, this assignment is not properly before this court and is overruled.

### IV

Appellants requested an instruction that appellee "must compensate the Desseckers for the damage caused to them by these demands."  They requested that the jury be instructed that appellants may recover for losses caused due to "Ohio Edison's appropriation of the right to cut their trees and to enter onto the land wherever and whenever Ohio Edison chooses."

The trial court instructed the jury:

"You will act as an assessing body to determine from the greater weight of the evidence the amount of compensation, if any, due to the defendants resulting from the existence of the Clearance Easement and the exercise by the plaintiff of it's [*sic*] rights pursuant to this Clearance Easement."

The trial court's instruction correctly stated the law.  R.C. 163.14.  Having determined as a matter of law that the clearance easement was necessary, the jury was to decide the amount of compensation due to appellants, if any.

The fourth assignment of error is overruled.

### V

Appellants argue that the court's instruction was contrary to Judge Spies's ruling and to the right of the Desseckers to receive fair compensation for the appropriation.  Appellants do not refer to the portion of the court's instruction to which this assignment is directed.  However, upon review, we find no portion of the instruction that prevented appellants from receiving compensation or which contradicted the earlier ruling of the court.  The court instructed the jury that if it found that the land was less valuable because of the easement, it should determine the amount of the damage, and arrive at an amount that is "fair, just, and reasonable."

The fifth assignment of error is overruled.

## VI

Appellants' sole argument as to this assignment of error is as follows:

"This Assignment is set forth to demonstrate to this reviewing Court that the Desseckers, at every opportunity, attempted to preserve their objections to the manner in which the trial was conducted."

Again, this argument is not directed to a specific ruling of the court.

The sixth assignment of error is overruled.

The judgment of the Tuscarawas County Common Pleas Court is reversed. This cause is remanded to that court with instructions to order appellee to provide a definite statement of the property to be appropriated pursuant to R.C. 163.05(A). The court is then directed to determine the necessity of such appropriation, followed by a new jury trial on compensation, in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GWIN and FARMER, JJ., concur.

## APPENDIX

### CLEARANCE EASEMENT

There is hereby granted to Ohio Edison Company an Ohio Corporation, its successors and assigns an Easement and right-of-way with rights and privileges here and after set forth, in, upon, over and across the following described premises:

Situated in the Township of Fairfield, County of Tuscarawas, State of Ohio, and being a part of Section 15.

The right-of-way above referred to is described as follows:

The right to provide adequate tree clearance, as hereinafter set forth and adjacent to and along the northeasterly side of Ohio Edison Company's one hundred fifty (150) foot wide right-of-way for Ohio Edison Company's electric transmission lines now located on the land of Erla Irene Dessecker, Marion Edgar Dessecker and Milton Edison Dessecker, all unmarried persons by virtue of an Easement recorded in Volume 261, Page 162 of the Tuscarawas County records.

The Easement and rights herein granted shall include the right of ingress and egress upon, over and across said premises for access to and from the right-of-way (Easement recorded in Volume 261, Page 162 of the Tuscarawas County Records), and the right to trim, cut, remove or control by any other means at any

and all times, limbs, underbrush and any trees which in the sole judgment of the Ohio Edison Company might endanger the safety or interfere with the operation, maintenance or use of its transmission lines, including all structures, wires or appurtenances connected or related thereto.

Ohio Edison Company will repair or replace all fences, gates, lanes, driveways, drains and ditches damaged or destroyed by it on said premises or pay Erla Irene Dessecker, Marion Edgar Dessecker and Milton Edison Dessecker for all such damage to fences, gates, lanes, driveways, drains, ditches, crops and stock on said premises caused by the exercise of Ohio Edison Company's right granted by this Easement.

All trees, limbs and underbrush cut from the premises shall remain the property of the property owners.

ORDERED, ADJUDGED AND DECREED that all costs of this action are assessed against the Defendants Erla Irene Dessecker, Milton Edison Dessecker and Marion Edgar Dessecker and shall be paid in full on or before 12/1/92.

IT IS SO ORDERED.

/s/ Edward O'Farrell
Edward Emmett O'Farrell,
Judge
Date: 9/30/92