QUELLOS et al., Appellants and Cross–Appellees,

v.

QUELLOS et al., Appellees and Cross–Appellants.*

[Cite as *Quellos v. Quellos* (1994), 96 Ohio App.3d 31.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65690.

Decided July 11, 1994.

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1994), 71 Ohio St.3d 1412, 641 N.E.2d 1111.

32

*Carl G. McMahon, Ford & Kreikard, P.C.,* and *Michael C. Bingen,* for appellants and cross-appellees.

*Cronquist, Smith, Marshall & Weaver* and *Philip J. Weaver, Jr.,* for appellees and cross-appellants.

PATTON, Presiding Judge.

Plaintiff-appellant, Marie Quellos, a minor, by and through her natural parents, appeals a jury verdict rendered in favor of defendants-appellees and cross-appellants Robert and Maryann Quellos.

Appellant Marie Quellos is the minor child of John and Maryann Quellos. At the time of her injuries she was eleven years old. Appellant's paternal grandparents are appellees Robert and Maryann Quellos. On January 4, 1988, appellant and her family were in Cleveland to attend the funeral of a relative. In the late afternoon, appellant's parents, John and Maryann Quellos, asked appellee Maryann Quellos if she would take appellant and her brother from the funeral parlor to appellee's home. Appellee agreed.

Upon their arrival home, appellee Maryann Quellos placed Captain Hook, a thirty-one pound mixed breed dog, outside in the backyard. Appellee Maryann Quellos testified that she subsequently prepared the dog's daily meal in appellant's presence and placed its dish on the kitchen floor. Contrary to appellee's testimony, appellant testified that there was no food in the dog's dish. Appellant then asked appellee if she could let the dog into the house.

Appellant testified that she opened the side door and the dog entered the house onto a landing which is one step below the kitchen. The dog went up the step into the kitchen as appellant closed the door. Appellant testified that she turned and started up the step when the dog suddenly leaped at her face with its mouth open. The next event appellant recalls is waking up on the kitchen floor bleeding from her face.

Appellee Maryann Quellos testified that after opening the door the dog and the appellant stepped up into the kitchen. Upon entering the kitchen, appellant was positioned between the dog and its food. Appellant then began to rub the dog's back and the dog sat on its haunches. Appellee told appellant to leave the dog alone so that it could eat its dinner. The appellee then turned and stepped toward the kitchen sink. While doing so, the appellee heard the dog yelp and scurry across the linoleum floor. A loud crash immediately followed and appel-

lant was observed lying on top of a metal step stool which had collapsed to the kitchen floor.

Appellant sustained several small puncture wounds around her right eye which required stitches. She also sustained a deep cut across her left cheek which measured three and one-half centimeters. Appellant was taken to Southwest General Hospital where she underwent plastic surgery to repair her wounds. She subsequently underwent elective plastic surgery on March 13, 1989, in order to further correct a resultant scar on her left cheek.

Appellant's first assignment of error states:

"I. The trial court erred in failing to grant a directed verdict in favor of appellant Marie Quellos due to appellees' utter failure to prove their affirmative defense in this strict liability case."

Appellant argues that a verdict should have been directed in her favor. Specifically, appellant contends the evidence presented established she was entitled to recover for her injuries pursuant to R.C. 955.28(B). Appellant's contention lacks merit.

Civ.R. 50(A)(4) concerning directed verdicts provides as follows:

"(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

The standard for reviewing a motion for directed verdict is set forth as follows in *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 68–69, 23 O.O.3d 115, 116–117, 430 N.E.2d 935, 937–938:

"When a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses; it is in the nature of a demurrer to the evidence and assumes the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed, and gives to that party the benefit of all reasonable inferences from that evidence. The evidence is granted its most favorable interpretation and is considered as establishing every material fact it tends to prove. The 'reasonable minds' test of Civ.R. 50(A)(4) calls upon the court only to determine whether there exists any evidence of substantial probative value in support of that party's claim."

■ Moreover, in ruling on a motion for directed verdict, a court may not consider the weight of the evidence or credibility of the witnesses. *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 347, 28 OBR 410, 411–412, 504 N.E.2d 19, 21–22.

■ Appellant premised her claim upon R.C. 955.28(B), which imposes strict liability upon the owner of a dog for any injury caused by the dog's acts unless the owner is able to establish any of the enumerated defenses by a preponderance of the evidence. Specifically, the statute provides in relevant part:

"(B) The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property."

■ In the instant case, it was the appellees' contention that the appellant was teasing, tormenting, or abusing the dog at the time of her injury. After reviewing the record and construing the evidence most strongly in favor of the appellant, we find that the trial court correctly denied the appellant's motion for directed verdict. The appellees presented testimony to the effect that appellant's actions inhibited the dog from reaching its daily supply of food. In light of the evidence presented and based upon the fact that a trial court may not weigh the evidence in ruling on a motion for a directed verdict, reasonable minds could reach different conclusions as to whether appellant was teasing the dog at the time of her injury. Thus, appellant was not entitled to a directed verdict.

Accordingly, appellant's first assignment of error is overruled.

Appellant's second assignment of error states:

"II. The trial court erred in failing to grant summary judgment in favor of appellant Marie Quellos due to appellees failure to prove their affirmative defense prior to trial in this strict liability case."

Appellant argues that the trial court erroneously denied her motion for summary judgment. Specifically, appellant contends the court should have granted summary judgment in her favor pursuant to R.C. 955.28(B) on the issues of liability and proximate cause. Appellant's contention lacks merit.

■ It is axiomatic that a motion for summary judgment shall only be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment shall not be granted unless it appears from the evidence that reasonable minds could come to

but one conclusion and that conclusion is adverse to the party against whom the motion is made. In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

Moreover, upon motion for summary judgment pursuant to Civ.R. 56, the burden of establishing that material facts are not in dispute and that no genuine issue of fact exists is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. However, in that Civ.R. 56(E) requires that a party set forth specific facts showing that there is a genuine issue for trial, such party must so perform if he is to avoid summary judgment. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph seven of the syllabus.

Review of the documentary evidence attached to appellant's motion for summary judgment and appellees' corresponding opposition materials reveals the existence of genuine issues of material fact. One of the items included among the opposition materials was the deposition testimony of appellee Maryann Quellos which, in essence, mirrored her trial testimony concerning appellant's conduct directly preceding her injury. In light of this evidence, we conclude that final determination of the instant dispute was properly left to the jury and appellant's motion for summary judgment was correctly denied.

Accordingly, appellant's second assignment of error is overruled.

Appellant's third assignment of error states:

"III. The trial court erred by denying appellant's second motion in limine to bar any evidence supporting the appellees' teasing, tormenting or abusing affirmative defense since the appellees' failed to ever plead this affirmative defense in their answer prior to trial."

In essence, appellant argues that the trial court erred by permitting the appellees to amend their answer to include the R.C. 955.28(B) defense of teasing, tormenting or abusing the appellees' dog. Appellant's argument lacks merit.

Civ.R. 15(A) reads in relevant part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be fully given when justice so requires. * * *"

In *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 12 OBR 1, 465 N.E.2d 377, the Ohio Supreme Court permitted a defendant to amend its answer to include an affirmative defense. Specifically, the court held in paragraphs one and two of the syllabus:

"1. A motion for leave to amend a pleading made pursuant to Civ.R. 15(A) should be granted 'freely' when justice so requires.

"2. The granting of a motion for leave to amend a pleading shall not be disturbed on appeal absent a showing of bad faith, undue delay or undue prejudice to the opposing party."

■ Applying the above-cited standard to the instant case, we conclude that the trial court properly allowed appellees to amend their answer to include the R.C. 955.28(B) defense. Although leave to amend was not granted until after voir dire, there was no showing that the amendment was made in bad faith. Additionally, appellant was not unduly prejudiced or surprised by the defense, as appellees raised it in their responses to appellant's motion for summary judgment. They were thus made aware of the claimed defense on a date well in advance of trial.

Accordingly, appellant's third assignment of error is overruled.

Appellant's fourth assignment of error states:

"IV. The jury's verdict is not sustained by the weight of the evidence and the judgment is contrary to law."

Appellant argues that the trial court erred in denying her motion for a new trial brought pursuant to Civ.R. 59(A)(6). Specifically, appellant argues that the jury's verdict in favor of appellees is against the manifest weight of the evidence. Appellant's argument has merit.

Civ.R. 59(A)(6) provides:

"(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

" * * *

"(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case[.]"

■ Judgments supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

 Careful review of the record reveals that there is no direct testimony by any witness that could lead the jury to conclude that the appellant was teasing, tormenting, or abusing the dog at the time of the injury. As correctly stated by the trial court in its charge to the jury, these terms are defined as follows:

"Teasing means to annoy or to trouble or to worry persistently, to be troublesome or to pester.

"Tormenting is greater annoyance and implies some torture or pain.

"Abusing is mistreatment which includes some physical injury or pain to the animal."

During trial, appellee Maryann Quellos described the acts of the appellant just prior to appellant's injury as follows:

"Q. Did you observe Marie [appellant] do anything?

"A. She was rubbing the dog.

"Q. How was her body positioned when she was doing that?

"A. Standing, but bending.

"Q. Bent at the waist?

"A. Yes, sir.

"Q. With her arms hanging down?

"A. Yes, sir.

"Q. And in relationship to the dog and the dog food, was Marie still positioned between the two of them?

"A. Yes, sir.

"Q. Can you describe the manner in which Marie was rubbing the dog?

"A. She had both hands and was rubbing like this (indicating).

"Q. Did the dog do anything in response to this rubbing activity?

"A. He sat down because there was rubbing.

"Q. Did you see the dog, could you see the dog?

"A. Yes.

"Q. And where was the dog looking?

"A. He looked over at his food.

"Q. When you saw that, what, if anything, did you say?

"A. I asked Marie to leave the dog alone, let him eat now.

"Q. What did you then do?

"A. I turned around and took a couple of steps away, I was going towards the sink area.

"Q. What is the first thing you heard?

"A. I heard the dog—it was all so together so fast—I heard the dog yip, I heard the stool fall, I heard him scoot. I can't give you a sequence because it was all so fast, it was fast, very fast."

The above testimony fails to establish that the appellant was teasing, tormenting, or abusing the dog at the time of her injury as contemplated by R.C. 955.28(B). At best, the testimony of appellee Maryann Quellos establishes that appellant was "rubbing" the dog. The appellant's act of "rubbing," as testified to at trial, does not constitute teasing, tormenting, or abusing the dog. It is more akin to an act of affection. Moreover, the record is devoid of any other testimony which might arguably establish conduct constituting teasing, tormenting, or abusing.

Accordingly, we conclude the jury's verdict is against the manifest weight of the evidence and appellant is entitled to a new trial on that basis. Appellant's fourth assignment of error is thus well taken.

Appellant's fifth assignment of error states:

"V. The appellees' counsel was guilty of prejudicial misconduct during trial and the trial court erred in failing to grant appellant's two motions for a mistrial."

Appellant argues that the trial court erred by failing to order a mistrial based on two instances of misconduct allegedly committed by appellees' counsel. For the following reasons, appellant's argument lacks merit.

The grant or denial of a motion for mistrial rests within the sound discretion of the trial court. *Ohio Edison Co. v. Dessecker* (1993), 89 Ohio App.3d 164, 169, 623 N.E.2d 1251, 1254; *Cummings v. B.F. Goodrich Co.* (1993), 86 Ohio App.3d 176, 188, 620 N.E.2d 209, 216–217. This discretionary standard is premised upon the fact that the trial judge is in the best position to determine whether the circumstances of the case require the declaration of a mistrial or whether other corrective actions are sufficient. See *State v. Glover* (1988), 35 Ohio St.3d 18, 19, 517 N.E.2d 900, 902. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

Appellant initially cites the reference in opening statement by appellees' counsel that appellant "was always messing around with dogs." Appellant correctly points out that the statement violated a pretrial ruling by the trial court

prohibiting introduction of evidence or comments by counsel regarding appellant's past conduct around dogs. Immediately following the statement, an objection was made and a discussion out of the presence of the jury was conducted. Thereafter, the trial court cured any prejudice by definitively instructing the jury to disregard the statement.

Appellant also cites an attempt by appellees' counsel, in violation of a pretrial ruling, to elicit testimony from appellee Robert Quellos relating to the reasons why the appellees kept the dog after the attack. The record reflects that appellant's counsel objected to the question and the objection was sustained before any prejudicial response was made.

We conclude that the trial court did not abuse its discretion by overruling appellant's motions for mistrial. We further find that the trial court took the appropriate curative actions, thereby preventing any prejudice against appellant. However, we caution appellees' counsel to abide by the trial court's pretrial rulings. Counsel is to avoid commenting on prohibited issues or eliciting testimony which has been deemed inadmissible. Although the isolated violations were not prejudicial under the facts as presented, the cumulative effect of such violations could, under future circumstances, require the declaration of a mistrial.

Accordingly, appellant's fifth assignment of error is overruled.

Pursuant to R.C. 2505.22, appellees submit two cross-assignments of error. They provide:

"I. The trial court erred in prohibiting the introduction of evidence of the habitual conduct of Marie Quellos toward dogs and the habitual conduct of the dog toward children.

"II. The trial court erred in prohibiting the introduction of evidence of the reasons Mr. and Mrs. Quellos decided to continue to own the dog after the incident."

In their two cross-assignments of error, appellees challenge evidentiary rulings made by the trial court. For the following reasons, the cross-assignments of error lack merit.

Before addressing the cross-assignments of error individually, we note that trial courts have broad discretion in the admission or exclusion of evidence. *Huffman v. Hair Surgeons, Inc.* (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248. Absent an abuse of discretion, a trial court's rulings on the admissibility of evidence will not be disturbed by courts on appellate review. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Id.* at 87, 19 OBR at 126–127, 482 N.E.2d at 1251–1252.

The trial court granted appellant's motion *in limine* prohibiting the introduction of habit and character testimony concerning appellant's alleged past conduct toward dogs. Cross-appellants argue that such testimony is admissible pursuant to Evid.R. 406.

Evid.R. 406 provides:

"Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."

In *Bolan v. Adams* (1984), 19 Ohio App.3d 206, 19 OBR 349, 483 N.E.2d 1187, the court defined "habit" in the following manner, citing McCormick, Evidence (2 Ed. Cleary Ed.1972) 462–463, Section 195: " 'the person's regular practice of meeting a particular kind of situation with a specific type of conduct. * * * The doing of the habitual acts may become semi-automatic.' "

It has also been held that evidence of habit may be relevant to prove a person or organization acted in conformity with a routine practice or carried out a customary response to a regularly recurring situation. *Cannell v. Rhodes* (1986), 31 Ohio App.3d 183, 185, 31 OBR 349, 351–352, 509 N.E.2d 963, 966–967. Testimony for proving habit must establish a regular or routine practice and not an isolated or rare occurrence. *Cardinal v. Family Foot Care Centers, Inc.* (1987), 40 Ohio App.3d 181, 532 N.E.2d 162.

We are unable to conclude that the trial court abused its discretion by excluding the alleged habit evidence. Review of cross-appellants' conclusory proffer reveals that it fails to contain a sufficient foundation for the admission of habit evidence. Moreover, we note that a trial court must carefully consider the remoteness of the acts relied upon to establish a child's habit before admitting such evidence. This is so because a child's actions or practices routinely and rapidly change as he or she matures and develops both physically and mentally. Unless the acts relied upon are very recent the trial court does not err in excluding the alleged habit evidence of a child.

The trial court also prohibited the introduction of testimony concerning the dog's nonaggressive history toward children. Cross-appellants argue that this testimony was relevant and admissible pursuant to Evid.R. 401 and 402.

Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 402 generally provides that all relevant evidence is admissible at trial.

Rulings on the admission or exclusion of evidence, based on relevancy, are committed to the sound discretion of the trial court and will not be disturbed absent a clear showing of abuse of discretion. *Renfro v. Black* (1990), 52 Ohio St.3d 27, 32, 556 N.E.2d 150, 154–155.

We have previously noted herein that R.C. 955.28(B), the dog bite statute, imposes strict liability upon the owner of the dog for any injury caused by the dog's acts. The statute establishes liability without regard to fault or the dog owner's negligence. *Allstate Ins. Co. v. U.S. Associates Realty, Inc.* (1983), 11 Ohio App.3d 242, 11 OBR 368, 464 N.E.2d 169. It thus follows that evidence tending to show the dog's nonaggressive history toward children is irrelevant and inadmissible. The owner is liable regardless of his conduct in keeping the dog. Accordingly, the trial court did not abuse its discretion by excluding evidence of the dog's nonaggressive nature.

Cross-appellants' assignments of error are not well taken and are overruled.

The judgment is reversed and the cause is remanded for new trial.

*Judgment reversed
and cause remanded.*

JAMES D. SWEENEY and HARPER, JJ., concur.