OPINION
{¶ 1} Defendant-appellant, Dorel B. Griggs ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas denying his motion for a mistrial.
 {¶ 2} On March 24, 2005, plaintiffs-appellees, Marion Ockenden ("Ms. Ockenden"), and her husband Timothy Ockenden ("Mr. Ockenden"), collectively referred to as appellees, filed a complaint alleging (1) negligence; (2) negligence per se; (3) respondeat superior; and (4) loss of consortium. The complaint arises out of a motor *Page 2 
vehicle accident that occurred on August 17, 2001, between appellant and Ms. Ockenden. Prior to trial, appellees dismissed the respondeat superior claim and appellant stipulated to liability.
 {¶ 3} The matter proceeded to a jury trial on January 23, 2007, before a magistrate of the common pleas court. During the cross-examination of Ms. Ockenden, the following exchange occurred:
 [Appellant's counsel]: Isn't it true you told Dr. Steiman that you were having regular headaches leading up until the time of this accident?
 [Witness]: Dr. who?
 [Appellant's counsel]: Steiman?
 [Witness]: Who? I didn't treat with a Dr. Steiman.
 [Appellant's counsel]: But you did see Dr. Steiman, correct?
 [Witness]: That was something concocted by your insurance company.
 [The Court]: Ma'am, I need you to stick to the question and please do your best to answer the specific question. If you feel like additional facts need to be brought out, that will be your counsel's prerogative when he asks you questions. But this needs to proceed by question and then you answer that specific question, okay?
(Tr. Vol. I at 100-101.)
 {¶ 4} Following this exchange, appellant's counsel requested a recess. After the jury was excused, appellant's counsel made an oral motion for a mistrial based upon the witness's statement that "seeing Dr. Steiman was a concoction of [his] insurance company." Id. at 102.
 {¶ 5} The magistrate denied the motion, stating: *Page 3 
 That motion is denied. I don't even — I doubt the jury even heard it. It was kind of said as an afterthought. It was very quick. I almost didn't catch it.
 If necessary, I'll give an instruction to the jury. We have a standard instruction. Insurance always comes up in these cases. In more than half of the jury trials I've done, somebody mentions insurance during the trial. It happens all the time. We have a standard instruction to give to the jury to address that.
Id. at 102.
 {¶ 6} The jury returned and the trial continued without any further instructions from the court. Thereafter, Mr. Ockenden testified on rebuttal regarding the testimony of Dr. Steiman, which appellant presented via a videotape deposition. Therein, Dr. Steiman stated he performed various tests on Ms. Ockenden in the presence of her husband Timothy. Regarding the physical examination, Mr. Ockenden testified as follows:
 [Appellee's counsel]: Dr. Steiman has testified. Of course, you heard his testimony a moment ago that he palpated areas of her back with pressure that he knew to be 8 pounds per square inch?
 [Witness]: That's an absolute lie, because Dr. Steiman did not touch my wife the whole time I was there. * * *
 * * *
 [Appellee's counsel]: You realize his testimony was under oath and you are accusing him of perjury?
 [Witness]: I'm sorry. He lied. He lied about the time he spent with my wife and he lied under oath about what — about the examination.
(Tr. Vol. III at 465-467.)
 {¶ 7} The trial proceeded, and after two days and the close of evidence, as part of the jury instructions, the following was given: *Page 4 
 It is a common concern among jurors as to the existence or non-existence of insurance. Some jurors wish to know-some jurors wish to know whether the plaintiff had insurance that paid any of his or her medical bills or whether the defendant was covered by insurance.
 In your deliberations, you are not to consider or discuss the issue of whether either party has or had insurance. You are to decide the issues in this case based upon the evidence presented to you, not upon any consideration concerning insurance. In no event may you add to or subtract from any award based on whether either party has or does not have insurance.
Id. at 552-553.
 {¶ 8} On January 26, 2007, the jury returned a verdict in favor of Ms. Ockenden in the amount of $250,000, and in favor of Mr. Ockenden in the amount of $50,000. On February 21, 2007, the trial court entered judgment accordingly.
 {¶ 9} This appeal followed, and appellant brings the following single assignment of error for our review:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT DOREL GRIGGS A MISTRIAL WHEN PLAINTIFFS DELIBERATELY INJECTED EVIDENCE OF INSURANCE AT TRIAL AND THEN FAILED TO IMMEDIATELY GIVE A CURATIVE INSTRUCTION, THERBY PREJUDICING THE JURY AND DEFENDANT-APPELLANT GRIGGS' RIGHT TO A FAIR TRIAL.
 {¶ 10} It is appellant's contention that appellees deliberately injected evidence of insurance into the trial in such a manner as to be prejudicial. According to appellant, the circumstances here necessitated a mistrial, or at the very least for the trial court to have given an immediate curative instruction. In response, appellees contend the trial court did not abuse its discretion in failing to grant a mistrial in this instance, and also because appellant failed to request an immediate curative instruction, he waived his right to claim *Page 5 
error on this basis. Further, appellees assert if any error occurred, it was cured when the trial court gave the jury a general instruction to disregard insurance prior to them beginning their deliberations.
 {¶ 11} The decision whether to grant a mistrial is one addressed to the sound discretion of the trial court. Parker v. Elsass, Franklin App. No. 01AP-1306, 2002-Ohio-3340 at ¶ 19, citing Quellos v. Quellos (1994),96 Ohio App.3d 31. This standard of review is based upon the fact that the trial court is in the best position to determine whether the circumstances of the case necessitate the declaration of a mistrial or whether other corrective actions are sufficient. Id. A reviewing court may not substitute its judgment for that of the trial court absent an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. A mistrial should only be granted where the party seeking the same demonstrates that he or she suffered material prejudice so that a fair trial is no longer possible. State v.Franklin (1991), 62 Ohio St.3d 118.
 {¶ 12} Generally, the question of liability insurance should not be brought into a personal injury case. Sipniewski v. Leach (Oct. 4, 1983), Montgomery App. No. 8123. As provided by Evid. R. 411:
 Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership or control, if controverted, or bias or prejudice of a witness. *Page 6 
 {¶ 13} "[E]vidence of liability insurance is highly prejudicial and is admissible at trial only if directly relevant to an issue at trial[,]" as it may improperly influence a jury with respect to their finding of liability or damages. Hanna v. Redlin Rubbish Removal, Inc., (Apr. 1, 1992), Summit App. No. 15280, quoting Cook v. Winberry Deli, Inc. (Sept. 17, 1991), Summit App. No. 14841. Therefore, the introduction of evidence of liability insurance coverage in a personal injury trial is usually grounds for mistrial. Id., citing White v. The Std. Oil Co.
(1962), 116 Ohio App. 212, 220. However, not every mention of the word "insurance" mandates a mistrial. As this court has stated, "[a] casual and inadvertent reference to insurance in answer to a question asked a witness in a negligence action, which question and answer are indefinite, is not misconduct warranting the termination of the trial, where only by conjecture can such reference be said to have anything to do with defendant's insurance and what kind and whose." White v.Columbus Green Cabs, Inc. (Oct. 7, 1982), Franklin App. No. 82AP-313, quoting Oney v. Needham (1966), 10 Ohio App.2d 15, paragraph one of the syllabus.
 {¶ 14} In White, the plaintiff was injured when a taxicab operated by defendant Johnson and owned by defendant Columbus Green Cabs, Inc., struck the plaintiff and ran over his right ankle. During the trial, there were two references to insurance, and the first reference was as follows:
 Q. Did you have any conversation with Mr. Grady Johnson?
 A. No. My brother did.
 Q. Mr. Johnson said nothing to you at all?
 A. I think he said they would take care of it, the cab company, after he backed off of me. I was laying — I think he said *Page 7 
something about don't worry about it, they will take care of it or something like that.
 I said, well, the only thing that worries me was they take care of it, somebody's insurance or something like that.
Id.
 {¶ 15} The trial court denied a mistrial at that time, but ordered the jury to disregard the answer. The second reference to liability insurance was the following:
 Q. Was not your answer, all I remember is the man I hit said somebody called the police?
 A. Right. Because he told me he didn't have, Mr. Herbst didn't have no insurance at the time.
 So I called the police. He said, well, hey, somebody else call the police. I didn't know what to believe, whether to believe him or not. I called because he didn't have no insurance at the time.
 Q. What did that have to do with anything, whether he had any insurance or not?
 A. Because I wanted to get a police report because you can't take his word — leaving at this time, if he pulled off. That's what he had suggested.
Id.
 {¶ 16} The trial court again overruled a motion for a mistrial. On appeal this court noted that the references to insurance "neither inferred nor related to whether defendants had insurance[,]" and there was not "any indication of bad faith on plaintiff's part." Id. Because the first reference to insurance was "casual and inadvertent," and the second reference "reflected that defendants did not have insurance," this court determined that any reference to insurance was not prejudicial. Id. (Emphasis sic.) *Page 8 
 {¶ 17} In Sipniewski, supra, a jury trial was held on the issue of damages arising out of an automobile accident. Insurance was mentioned in the following discourse during the plaintiff's cross-examination:
 Q: I noticed Mr. Rudd brought in here and had marked as an exhibit a report from Dr. Koehler, and it has been marked Plaintiff's Exhibit 8. Did you secure that from Dr. Koehler or did someone else to your knowledge?
 A: No. I gave that form to him. Allstate Insurance gave me some forms to have the doctors I saw fill out.
 Q: When you talk about Allstate Insurance, Allstate is the one that paid for the damage to your car, isn't that correct?
 A: Yes.
 Q: They paid to replace on oil pan for you, did they not?
 A: Yes. They fixed everything that the adjuster saw that needed to be fixed.
Id.
 {¶ 18} The Montgomery Court of Appeals found no prejudicial error in the trial court's admission of the above-described testimony, and stated, "[i]n the present case, appellant unexpectedly brought out the subject of Allstate Insurance during cross-examination and counsel for appellee avoided prejudicial error by confining the topic of insurance to appellant's car repairs." Id.
 {¶ 19} Where a witness's reference to insurance, however, is not inadvertent, prejudice may be found. For example, the Summit County Court of Appeals was faced with a scenario in Hanna, supra, wherein the court found that a witness's reference to insurance during his direct examination necessitated a mistrial. In Hanna, while acting in the course and scope of employment, the defendant's employee struck plaintiff's *Page 9 
automobile. Liability was not contested and a jury trial ensued on the issue of damages. During the plaintiff's direct examination, the following exchange took place:
 Q. And were there other doctors?
 A. She went to see a Dr. Burke on the recommendation of the insurance company.
Id.
 {¶ 20} The defendant immediately requested a mistrial, and the trial court opted to consider it at a later time. The trial court also refused the defendant's request for a curative instruction. Prior to deliberations, the Hanna jury was charged as follows:
 "* * * there was a reference by a witness to something to do with insurance. You are to disregard any and all reference to insurance. They have no part of a case such as this, if there be any insurance. Your duty is to fairly assess and compensate the Plaintiffs according to the law that I have given you."
Id.
 {¶ 21} The Hanna court concluded the plaintiff could have fully and fairly answered the question posed by counsel without any reference to insurance, and the court was not persuaded by plaintiff's argument that no prejudicial error resulted because the disclosure was "unintended." The court noted the trial was limited to a determination of damages only, and therefore, even a minor error could have a substantial impact on the outcome of the case. The court stated:
 * * * [T]his situation is especially egregious in light of an announcement by the Hannas' attorney in opening arguments that Joy Hanna had visited a particular doctor upon the request of defense counsel. Richard Hanna's reference to the physician referred by the "insurance company" followed shortly thereafter. A logical inference was therefore permitted *Page 10 
that the defense and the insurer were closely allied, if not one and the same.
Id.
 {¶ 22} Consequently, the appellate court held the trial court's denial of the motion for mistrial was unreasonable, and remanded the matter for a new trial.
 {¶ 23} We now consider the situation contained in the present appeal in view of the restrictions placed by Ohio courts on the introduction of insurance evidence in a personal injury trial. Similar toHanna, supra, the case at bar is one in which no issue existed as to liability and the parties were in contest only over issues of proximate cause and damages. Also analogous to Hanna is the fact that Ms. Ockenden's testimony cannot be considered merely a "passing reference" or "casual mention" of the word insurance. Again, Ms. Ockenden's testimony was as follows:
 [Appellant's counsel]: Isn't it true you told Dr. Steiman that you were having regular headaches leading up until the time of this accident?
 [Witness]: Dr. who?
 [Appellant's counsel]: Steiman?
 [Witness]: Who? I didn't treat with a Dr. Steiman.
 [Appellant's counsel]: But you did see Dr. Steiman, correct?
 [Witness]: That was something concocted by your insurance company.
(Tr. Vol. 1 at 100-101.)
 {¶ 24} Further aggravating the matter at hand is that Ms. Ockenden's testimony did not only mention the word "insurance," but directly tied the existence of insurance to the defendant (i.e., "your insurance company"). Furthermore, Ms. Ockenden stated that *Page 11 
her examination by Dr. Steiman was something "concocted" by the defendant's insurance company. Merriam-Webster's Dictionary (1987), 273, defines "concoct" to mean "1: to prepare by combining crude materials 2: Devise, fabricate."
 {¶ 25} In summation, we are confronted with a situation in which the plaintiff has testified: (1) that insurance exists; (2) that the insurance is the defendant's insurance carrier; and (3) that the defendant's insurance carrier "concocted" or fabricated an examination of the plaintiff. Upon review, we find this scenario presents a situation even more prejudicial than that at issue in Hanna.
 {¶ 26} An independent medical examination is a right of a defending insurance company in a personal injury case. Indeed, any attempt to cure here would require the trial court not only to instruct the jury to disregard the testimony of insurance, but also, to disregard plaintiff's testimony in regard thereto, and further explain that any suggestion by plaintiff that the insurance company's examination was some type of fabricated activity was not accurate and could not be considered as such by the jury. Even then it is likely this scenario could only be remedied via a mistrial because the trial court would then be instructing the jury that plaintiff's testimony in regard to "concocting" an examination was not true. It is difficult to see how a fair and impartial trial for all parties could be resuscitated from this situation, and it certainly could not by the standard insurance instruction.
 {¶ 27} The matter became even more exacerbated when plaintiff's husband added to plaintiff's prejudicial testimony by stating that Dr. Steiman had testified falsely as to the content of his "concocted" examination. While the type and quality of physical examination performed by Dr. Steiman may be a disputed fact and appellees had the *Page 12 
right to rebut Dr. Steiman's testimony, the improper and prejudicial testimony of Ms. Ockenden when combined with the husband's charge that Dr. Steiman had lied, created a situation that could only be cured by a mistrial, as appellant suffered material prejudice such that a fair trial was no longer possible.
 {¶ 28} We recognize the trial court has broad discretion pertaining to whether or not to grant a mistrial, and we note the trial court here was under the impression Ms. Ockenden's reference to insurance was said as an "afterthought," and it was doubtful the jury even heard the testimony. (Tr. Vol. I at 102.) However, we must consider the record as it stands. There was no voir dire of the jurors and the record provides no indication that the jurors did not hear Ms. Ockenden's testimony. Indeed, appellant's counsel immediately moved for a mistrial asserting prejudice beyond repair. Based on the totality of the circumstances, we must conclude that the trial court's denial of appellant's request for a mistrial was unreasonable. Accordingly, we sustain appellant's single assignment of error.
 {¶ 29} For the foregoing reasons, appellant's single assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is hereby reversed and this matter is remanded to that court for further proceedings consistent with law and this opinion.
Judgment reversed and cause remanded.
 BRYANT and SADLER, JJ., concur. *Page 1