SMITH, Appellee and Cross–Appellant,

v.

E.G. BALDWIN & ASSOCIATES, INC. et al., Appellants and Cross–Appellees.

[Cite as *Smith v. E.G. Baldwin & Assoc., Inc.* (1997), 119 Ohio App.3d 410.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE07–948.

Decided April 29, 1997.

*Law Offices of Russell A. Kelm, Russell A. Kelm* and *Joanne F. Weber,* for appellee.

*Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A., Robert J. Valerian* and *Anne D. Lederman,* for appellants.

---

PEGGY BRYANT, Judge.

Defendants-appellants and cross-appellees, E.G. Baldwin & Associates, Inc. ("Baldwin") and Matthew B. Kozink (collectively "defendants"), appeal from a judgment of the Franklin County Court of Common Pleas denying defendants' motions for summary judgment, directed verdict and a new trial. Plaintiff-appellee and cross-appellant, William G. Smith II, cross-appeals the trial court's refusal to allow the jury to consider punitive damages and damages for emotional distress.

Plaintiff filed a complaint against defendants on July 26, 1994, alleging age discrimination, breach of an implied agreement, false representation, breach of duty, and breach of an express promise, all arising from defendants terminating plaintiff from employment.

Defendants answered plaintiff's complaint, and on September 20, 1994, filed a motion for summary judgment. Defendants attached to their motion an affidavit from Matthew Kozink, excerpts from the employee handbook, and various correspondence purporting to document both plaintiff's poor job performance as

well as his attempts to start a business to compete with defendants. Plaintiff's response to the motion was accompanied by plaintiff's affidavit alleging not only that he believed that he had been discriminated against because of his age, but also that he had been replaced by a younger employee. On May 18, 1995, the trial court granted defendants' motion on all claims except plaintiff's claim of age discrimination. Although defendants moved the trial court to reconsider its ruling on plaintiff's age discrimination claim, the trial court denied defendants' motion.

Plaintiff's age discrimination claim was presented to a jury. According to the evidence, plaintiff had worked in the field of scientific and medical equipment sales successfully for nine years before coming in contact with defendants. At the age of forty-five, plaintiff was hired by Baldwin in 1989. As Baldwin's employee, plaintiff was responsible for medical equipment sales in the Dayton and Cincinnati areas, and eventually opened a Cincinnati office for Baldwin. During his tenure working for Baldwin, plaintiff's earnings increased annually due to his success as a sales representative. However, the loss of contracts with two major suppliers negatively affected plaintiff's personal sales, as well as sales figures for his territory.

Plaintiff's evidence indicated that in response to concerns over the future of the company, Joel Arnold, a fellow employee, asked plaintiff to contact Allied Chemical, one of defendants' suppliers, regarding product cost and availability. The call was to further a new business Arnold had approached plaintiff about jointly starting. Although plaintiff spoke with an Allied Chemical representative, plaintiff never pursued the business opportunity with Arnold. On February 21, 1994, Baldwin terminated plaintiff's employment; plaintiff was then fifty years old. Plaintiff testified that he was told his termination was predicated on his starting a competing business.

In response, defendants produced evidence dating from 1993 documenting defendants' dissatisfaction with plaintiff's performance, sales, and attitude, defendants' discovery of plaintiff's contact with Allied Chemical, and plaintiff's interest in starting a business to compete with Baldwin.

At the close of plaintiff's case, defendants moved for a directed verdict, claiming that plaintiff had failed to show that defendants' legitimate nondiscriminatory reason for firing him was merely a pretext for discrimination based on plaintiff's age. The trial court denied defendants' motion, finding that plaintiff had met his burden. Defendants renewed their motion for a directed verdict after plaintiff's closing statement; the trial court again denied the motion.

The jury rendered a verdict in favor of plaintiff in the amount of $236,884. The trial court entered judgment accordingly, including prejudgment interest. De-

fendants responded with a motion for judgment notwithstanding the verdict and a motion for a new trial. On July 8, 1996, the trial court denied both motions.

Defendants timely appeal, assigning the following errors:

"I. The trial court erred in denying defendant-appellants' motion for summary judgment.

"II. The trial court erred in denying defendant-appellants' motions for directed verdict.

"III. The trial court erred in denying defendant-appellants' motion for judgment NOV or in the alternative, for a new trial."

Plaintiff filed a cross-appeal, assigning the following errors:

"I. The trial court erred in denying cross–appellant's claim for emotional distress damages and the court's refusal to send this issue to the jury.

"II. The trial court erred in denying cross–appellant's claims for punitive damages and attorney's fees and the court's refusal to let the jury decide an appropriate amount for punitive damages."

We begin with defendants' second assignment of error, which contends that because plaintiff failed to prove age discrimination, the jury should not have been allowed to deliberate his claim, much less award judgment to him.

R.C. 4112.02(A) provides that it is unlawful for an employer to discharge without just cause or otherwise discriminate against an employee or potential employee on the basis of the employee's age. A party can support a claim of age discrimination by presenting either direct or indirect evidence. *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 505, 575 N.E.2d 439, 442–443.[1]

Discriminatory intent may be established indirectly by the four-part analysis set forth in *Barker v. Scovill, Inc.* (1983) 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, adopted from the standards established in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. The *Barker* analysis requires that a plaintiff-employee demonstrate "(1) that he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class." *Id.* at paragraph one of the syllabus.

---

1. Many of the cases discussed in this opinion, including *Kohmescher,* address R.C. 4101.17, which has been renumbered as R.C. 4112.14 and contains language similar to that found in R.C. 4112.02 under which plaintiff brings his claim. The "methods for establishing a prima facie case of age discrimination" are the same regardless of whether a claim is brought under R.C. 4112.02 or 4112.14. See *Byrnes v. LCI Communication Holdings Co.* (1996), 77 Ohio St.3d 125, 128, 672 N.E.2d 145, 147–148.

After a plaintiff makes such a showing, "[d]efendant-employer may then overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for plaintiff's discharge." *Id.* The burden then finally shifts back to plaintiff "to show that the rationale set forth by defendant was only a pretext for unlawful discrimination." *Id.*

Discriminatory intent may also be established by direct evidence of age discrimination "which is evidence other than the four-part demonstration of *Barker*." *Byrnes v. LCI Communication Holdings Co.* (1996), 77 Ohio St.3d 125, 128, 672 N.E.2d 145, 148, citing *Kohmescher, supra.* In a direct evidence case, "[a] plaintiff may establish a prima facie case by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent." *Byrnes* at 128–129, 672 N.E.2d at 148, citing *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272, paragraph one of the syllabus.

In this case, the record is unclear whether plaintiff was attempting to prove his age discrimination claim by direct evidence or by establishing the requirements of the *Barker* test. Moreover, because the jury was instructed on both approaches to an age discrimination case, the record is unclear whether the jury determined defendants' liability based on plaintiff's proof of direct or indirect evidence. As a result, plaintiff's proof will be considered under both the *Barker* test and the direct evidence standard.

I. Indirect Evidence: *Barker* Test

As the parties generally agree, plaintiff meets the first three prongs of the *Barker* test: testimony revealed that plaintiff was an experienced sales representative who was discharged by defendants at age fifty. The problem arises with the fourth prong of *Barker*, which requires plaintiff to prove he was replaced by, or his discharge allowed the retention of, an employee outside the protected class. For the purposes of an age discrimination claim, the protected class includes individuals age forty and older. See R.C. 4112.14(B).

Within the context of the fourth requirement, which deals with replacement or retention, "a person is not replaced when another employee is assigned to perform the [former employee's] duties in addition to other duties, or *when the work is redistributed among other existing employees already performing related work*." (Emphasis added.) *Atkinson v. Internatl. Technegroup, Inc.* (1995), 106 Ohio App.3d 349, 359, 666 N.E.2d 257, 264, citing *Barnes v. GenCorp. Inc.* (C.A.6, 1990), 896 F.2d 1457, 1465. Plaintiff's work in the Dayton area was redistributed to Bruno Tabacchi and plaintiff's work in the Cincinnati area was redistributed to Joel Arnold. Testimony revealed that both Tabacchi and Arnold were working for Baldwin in a similar sales position prior to acquiring plaintiff's

sales territory. Although Tabacchi had not been selling large equipment for defendants prior to the redistribution of plaintiff's duties, he was performing related work as a salesman of defendants' smaller medical equipment, namely private x-ray equipment. Due to the redistribution to these existing employees, plaintiff was not replaced.

■ Additionally, where an employee's duties are assumed by a variety of people, at least one of whom is in the protected class, the fourth prong of the *Barker* test necessarily is not satisfied. *Shepard v. The Limited, Inc.* (June 8, 1993), Franklin App. No. 92AP–1440, unreported, 1993 WL 221024. Evidence was introduced that Arnold was at least forty years old when he took over plaintiff's duties in the Cincinnati territory. Because plaintiff's duties were assumed in part by Arnold, a member of the protected class, the fourth prong of the *Barker* test again was not satisfied.

Having failed to meet the fourth prong of *Barker*, plaintiff did not prove a prima facie case of age discrimination.

II. Direct Evidence

■ According to *Byrnes*, "in a cause of action for age discrimination under R.C. 4112.02 or 4112.14, when relying upon the direct evidence standard * * * an employee must prove a causal link or nexus between evidence of a discriminatory statement or conduct and the prohibited act of discrimination to establish a violation." *Id.*, 77 Ohio St.3d at 130, 672 N.E.2d at 149. Thus, *Byrnes* concluded that in a direct evidence case "comments which are isolated, ambiguous or abstract * * * cannot support a finding of age discrimination." *Id.*

■ The *Byrnes* plaintiffs introduced evidence as proof of discriminatory attitude that neither specifically involved nor named the plaintiffs. The Supreme Court determined "[t]here was no link or nexus between the remarks and plaintiffs' discharges that could logically support the inference that the discharges were the result of discriminatory intent." *Id.* at 129, 672 N.E.2d at 148. Similarly, plaintiff here attempted to prove defendants' discriminatory attitude through testimony of defendants' previous remarks: "[Baldwin is] a young, vibrant, sales organization, a young company, meaning average around 32," and "it is time for the next generation." Just as in *Byrnes*, however, those remarks plaintiff introduced as evidence of defendants' discriminatory attitude were neither said to or about plaintiff. The remarks were distant in time and fact from plaintiff's termination. According to *Byrnes*, plaintiff failed to prove a case of age discrimination under R.C. 4112.02 under the direct evidence standard. Further, to the extent plaintiff relied on the "toothpaste tube" theory referred to in *Byrnes*, the Supreme Court rejected it in *Byrnes* as failing to support a claim of age discrimination.

We fully recognize not only that *Byrnes* was decided after the trial in this case, but also that the opinion in *Byrnes* is fragmented, with three justices concurring in the lead opinion, two justices concurring separately in the result, and two justices dissenting. As a result, we are left somewhat uncertain about the test to be applied in direct evidence age discrimination cases. We are persuaded nonetheless that the *Byrnes* result obtains here. Plaintiff's case was premised on much the same strategy and theory as was the plaintiffs' case in *Byrnes*. Presumably the three justices concurring in the lead opinion would reach the same result here. Moreover, the concurring justices in *Byrnes* found insufficient direct evidence of age discrimination in that case. Because the evidence here is not as strong as the evidence in *Byrnes*, that justice would likely come to the same conclusion here.

We, however, urge the Supreme Court to review this age discrimination case premised on direct evidence in an effort to set forth a test endorsed by the majority of the court that may serve as a guide to the trial and intermediate appellate courts in such cases.

Because plaintiff failed to prove the fourth requirement of the *Barker* test or, in the alternative, to show a nexus between defendants' remarks and plaintiff's discharge, the trial court should have directed a verdict [2] in favor of defendants, as the evidence here was legally insufficient to present plaintiff's case to the jury; even construing the facts most strongly in his favor, plaintiff failed to prove a case under the *Barker* test or the direct evidence standard. "[I]f all the evidence relating to an essential issue is sufficient to permit only a conclusion by reasonable minds against a party, after construing the evidence most favorably to that party, it is the duty of the trial court to * * * direct a verdict on that issue against that party. Naturally, if the finding on that one issue disposes of the whole case, a duty arises to grant judgment upon the whole case." *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 220, 58 O.O.2d 424, 427, 280 N.E.2d 896, 899–900.

Given the foregoing, we sustain defendants' second assignment of error. Having sustained defendants' second assignment of error, we find that their first and third assignments of error are moot. Additionally, plaintiff's assignments of error on cross-appeal are rendered moot. See App.R. 12(A)(1)(c). The judgment

---

2. Civ.R. 50(A)(4) provides:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

of the trial court is reversed, and this case is remanded with instructions to enter judgment for defendants.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and DESHLER, JJ., concur.