Abdel Nasser Alrjub, plaintiff-appellant and administrator of the estate of Mohammed Alrjub, appeals a decision of the Franklin County Court of Common Pleas. The trial court granted a motion for summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm"), defendant-appellee. We affirm.
On November 5, 1995, Mohammed Alrjub ("decedent") was killed when a vehicle driven by Gary R. Wheeler, Jr., collided with decedent's vehicle in a head-on collision. On July 30, 1996, appellant, acting as administrator of decedent's estate, filed a complaint for negligence, wrongful death, and declaratory judgment against Gary R. Wheeler, Jr., and his mother Sandra L. Wheeler. Sandra L. Wheeler was the owner of the vehicle that Gary Wheeler Jr. was driving at the time of the accident. Appellant filed on May 16, 1997, a motion for leave to file an amended complaint joining State Farm as a defendant because State Farm had issued an automobile insurance policy to Sandra L. Wheeler for the vehicle Gary R. Wheeler, Jr., was driving at the time of the accident. The amended complaint requested a declaratory judgment concerning Sandra L. Wheeler's insurance coverage and concerning the constitutionality of R.C. 3937.44.
On July 21, 1997, the trial court allowed appellant to file the amended complaint and joined State Farm as a defendant. The parties later agreed to stipulate to the following facts: The actions of Gary R. Wheeler, Jr. were negligent, decedent's death was a proximate result of Gary Wheeler Jr.'s negligence, and as a proximate result of the collision and death of decedent, "at least three of the next of kin have individually suffered more than $100,000 in damages for a total of at least $300,000 in damages."
On October 16, 1997, State Farm filed a motion for summary judgment stating that State Farm was "entitled to summary judgment in the form of a Declaration that the only liability coverage which may be available to [appellant] herein under the State Farm policy of insurance in question is the $100,000 'per person' limits." On April 10, 1998, the trial court rendered a decision concerning State Farm's motion for summary judgment, holding that the "limitation on coverage in this case is governed by the 'per person' limit as defined by the plain language of the insurance agreement. * * * Furthermore, the provisions of S.B. 20 which specifically authorized the limitation do not suffer from any of the Constitutional infirmities which [appellant] claims."
On September 3, 1998, the trial court filed an entry sustaining State Farm's motion for summary judgment "pursuant to the decision dated April 10, 1998." On that same day, three other documents were filed: (1) a cross-claim for Gary and Sandra Wheeler against State Farm for declaratory judgment concerning insurance coverage; (2) an entry granting Gary and Sandra Wheeler's leave to file the cross-claim; and (3) A judgment entry dismissing Gary and Sandra Wheeler's cross-claim. The trial court dismissed Gary and Sandra Wheeler's cross-claim holding that "the issues raised in said Cross-Claim having been decided by this court on the pending Motion for Summary Judgment * * *."
Appellant filed a notice of appeal on September 11, 1998, concerning the trial court's decision granting State Farm's motion for summary judgment. Appellant's appeal was assigned appellate case No. 98AP-1171. On October 2, 1998, Sandra and Gary Wheeler filed a notice of appeal concerning the trial court's dismissal of their cross-claim. Their appeal was assigned appellate case No. 98AP-1270. We sua sponte
consolidated Nos. 98AP-1171 and 98AP-1270 on October 14, 1998. Appellant filed a brief presenting the following assignments of error:
 I. THE TRIAL COURT ERRED IN DECIDING THAT OHIO REVISED CODE SECTION 3937.44 PROVIDING FOR CONSOLIDATION OF HEIRS WAS VALID AND IN ENTERING JUDGMENT FOR BEHALF OF DEFENDANT-APPELLANT, STATE FARM AUTOMOBILE INSURANCE COMPANY ON ITS MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED BY NOT RENDERING JUDGMENT FOR PLAINTIFF-APPELLANT AGAINST STATE FARM AUTOMOBILE INSURANCE COMPANY ON DECLARATORY JUDGMENT DECLARING THE AVAILABLE COVERAGE AS THE SUM OF $300,000, BEING THE TOTAL OF $100,000 FOR EACH HEIR DAMAGED BY THE WRONGFUL DEATH OF THE DECEDENT.
Appellant argues in his assignments of error that the trial court erred in granting summary judgment in favor of State Farm. Appellant claims that the trial court should have found that R.C. 3937.44 violates Section 19a, Article I of the Ohio Constitution. We disagree.
Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370. Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Welco Industries, Inc. v.Applied Cos. (1993), 67 Ohio St.3d 344, 346. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp.
(1997), 122 Ohio App.3d 100, 103.
Since the parties stipulated to the pertinent facts, the only issue to be decided concerning the trial court's granting of summary judgment in favor of State Farm is a question of law: whether R.C. 3937.44 is constitutional. R.C. 3937.44 states:
 Any liability policy of insurance including, but not limited to, automobile liability or motor vehicle liability insurance that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
All legislative enactments enjoy a presumption of constitutionality. State ex rel. Taft v. Franklin Cty. Court ofCommon Pleas (1998), 81 Ohio St.3d 480, 481. A court's review of the legislation begins with the strong presumption that the legislation is constitutional, and before a court may declare it unconstitutional, it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible. State v. Cook (1998), 83 Ohio St.3d 404, 409, certiorari denied (1999), ___ U.S. ___, 119 S.Ct. 1122.
In the present case, Sandra Wheeler's automobile insurance policy with State Farm had a limit of liability of $100,000 for "each person" and $300,000 for "each accident." The policy contains the following definitions of "each person" and "each accident":
 * * * Under "Each Person" is the amount of coverage for all damages arising out of and due to bodily injury to one person. "Bodily injury to one person" includes all injury and damages to others arising out of and resulting from this bodily injury. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all such damages arising out of and due to bodily injury to two or more persons in the same accident. [Emphasis sic.]
Appellant claims that the allowance by the Legislature in R.C. 3937.44 for a liability policy of insurance to limit multiple claims arising from one person's bodily injury to a single claim violates Section 19a, Article I of the Ohio Constitution which states: "The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law." Appellant argues that R.C. 3937.44, as applied to the present case, is unconstitutional because appellant would only be allowed to recover the per person limit of $100,000 from State Farm, and would not be allowed to recover the per accident limit of $300,000 from State Farm.
The flaw in appellant's argument is that R.C. 3937.44 does not limit the amount of damages a plaintiff may recover in a civil action for wrongful death. While appellant is limited in the amount of damages he may recover from State Farm because of the contractual terms of the insurance policy between State Farm and Sandra Wheeler, he is not limited in the amount of damages he could recover from Gary or Sandra Wheeler. Additionally, appellant's reasoning, if taken to its illogical conclusion, would make it unconstitutional for a court in a wrongful death action to enforce any insurance policy coverage limits.
Appellant also argues that "the only realistic realizable source of recovery under Ohio law for the aggrieved Alrjub family is from [State Farm] to the extent the courts are willing to extend the protection of Article I, Section 19(a) of the Bill of Rights of the Ohio Constitution to this case." However, the inability of a plaintiff to recover from a tortfeasor should not be the basis of creating a constitutional right to recover amounts greater than valid contractual limits from an insurance company simply because the insurance company has more assets than the tortfeasor.
Appellant further argues that R.C. 3937.44 is unconstitutional since the Legislature in passing S.B. No. 20 (which included the present version of R.C. 3937.44), specifically stated that its intent was to "supersede the effect of the holding of the Ohio Supreme Court * * * inSavoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500." R.C.3937.18, Sections 7-10, S.B. No. 20. Appellant claims that "the legislature cannot perform an end run around constitutional policy and judicial policy that go to the heart of the rights of individuals in society by specifically attempted [sic] to validate contractual provisions which have been rejected by the judiciary." However, we have previously stated concerning S.B. No. 20 that "[a] decision by the General Assembly to enact legislation to supersede a Supreme Court decision by name is no more an infringement on the power of the judiciary than a decision by the Supreme Court to declare a statute unconstitutional is an infringement on the power of the General Assembly to enact legislation." Scancarello v. Erie Ins. Co.
(July 25, 1996), Franklin App. No. 96APE02-166, unreported (1996 Opinions 3092, 3096), dismissed (1997), 78 Ohio St.3d 1469.
Accordingly, we find that R.C. 3937.44 does not violate Section 19a, Article I of the Ohio Constitution. Additionally, our opinion is consistent with the decisions of three other Ohio appellate districts. See Smith v. Mancino (1997), 119 Ohio App.3d 410, dismissed (1997), 79 Ohio St.3d 1505; Coletta v.Yang (Jan. 15, 1999), Montgomery App. No. 17289, unreported;Stickney v. State Farm Mut. Auto. Ins. Co. (Oct. 19, 1998), Richland App. No. 98 CA 7, unreported, discretionary appeal allowed (1999), 84 Ohio St.3d 1504; Plott v. Colonial Ins. Co.
(Feb. 23, 1998), Stark App. No. 1997CA00203, unreported. Appellant's first and second assignments of error are overruled.
On October 14, 1998, we sua sponte consolidated Gary and Sandra Wheeler's appeal with appellant's appeal. Gary and Sandra Wheeler subsequently filed a motion to adopt appellant's brief as their own, which motion was granted by this court. However, a review of appellant's brief shows that it fails to address the trial court's decision to dismiss Gary and Sandra Wheeler's cross-claim against State Farm. Since Gary and Sandra Wheeler have failed to assign any errors concerning the trial court's decision to dismiss their cross-claim, we affirm the judgment of the trial court. See App.R. 16(A)(3).
Accordingly, appellant's assignments of error are overruled, and we affirm the trial court's judgment granting State Farm's motion for summary judgment, and the trial court's judgment dismissing Gary and Sandra Wheeler's cross-claim against State Farm.
Judgments affirmed.
LAZARUS, P.J., concurs.
TYACK, J., dissents.