[Cite as *Peters v. Rock-Tenn Co.*, 2011-Ohio-3949.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EUGENE N. PETERS | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ROCK-TENN CO., ET AL | : | Case No. 10CAE040030 |
| | : | |
| Defendant-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
Common Pleas, Case No. 07-CVH-3-300

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     August 10, 2011

APPEARANCES:

For Plaintiff-Appellant

RUSSELL A. KELM
JOANNE W. DETRICK
37 W. Broad Street
Suite 860
Columbus, OH 43215

For Defendant-Appellees

CHRISTOPHER E. HOGAN
5025 Arlington Centre Blvd., Suite 400
Columbus, OH 43220

CLIFFORD M. WEISS
NOELLE A. ABASTILLAS
541 Village Trace
Bldg. 11A, Suite 201
Marietta, Georgia 30067

*Delaney, J.*

{¶1}    Plaintiff-Appellant Eugene N. Peters appeals the March 23, 2010 jury verdict of the Delaware County Court of Common Pleas finding in favor of Defendants-Appellees, Rock-Tenn Company, Rock-Tenn Services, Inc., Craig Gunckel, and Michael E. Kiepura on Appellant's age discrimination claim.

### STATEMENT OF THE FACTS AND CASE

{¶2}    On March 16, 2007, Appellant filed a complaint in the Delaware County Court of Common Pleas alleging age discrimination by Appellees.  Appellant was an employee of Rock-Tenn Company and the company terminated Appellant's employment on January 10, 2007.  Appellant alleged Appellees unlawfully terminated Appellant's employment based upon his age.  At the time of his termination, Appellant was 55 years old.

{¶3}    Appellees filed a motion for summary judgment on February 1, 2008.  The trial court granted Appellees' motion for summary judgment and Appellant appealed the matter to this Court.  In *Eugene N. Peters v. Rock-Tenn Co.*, 180 Ohio App.3d 10, 2008-Ohio-6444, 903 N.E.2d 1256, this Court reversed the decision of the trial court to grant summary judgment and remanded the case to the trial court for further proceedings. We found there was a genuine issue of material fact as to whether Appellees' reasons for terminating Appellant's employment were mere pretext for impermissible discrimination.

{¶4}    The matter proceeded to a jury trial on March 9 through March 16, 2010. The following testimony was adduced at trial.

{¶5} Rock-Tenn Company, based in Norcross, Georgia, produces corrugated and consumer packaging, such as folding cartons. Appellant, who resides in Westerville, Ohio, began working for Rock-Tenn in 1981 as a sales person. When Appellant started with Rock-Tenn, he was responsible for selling quick service restaurant cartons, which are folding cartons used by restaurants and fast food establishments. Appellant's sales territories included the Midwest, mid-Atlantic, Texas, Arizona, and Wisconsin. Appellant averaged approximately $5 million and $5.5 million in sales per year.

{¶6} The quick service cartons are primarily produced at Rock-Tenn's folding carton plant in Eutaw, Alabama. Dan Williams is the general manager of the Eutaw plant and has worked for Rock-Tenn since 1974. Because the products Appellant sold were produced at the Eutaw plant, Dan Williams and Appellant worked closely together throughout their careers. Williams spoke to Appellant about increasing his sales and warned that Appellant could lose his job if he did not increase his sales.

{¶7} Conrad Hill, Vice President of Manufacturer Representative Sales, was Appellant's supervisor. In 2005, Rock-Tenn purchased a competitor and reorganized the folding carton sales division. Due to the reorganization, Hill's position was eliminated, but he was reassigned as a salesperson with no change in salary or benefits. Hill was 63 years old at the time and was considering retirement.

{¶8} Appellant's new supervisor was Appellee, Craig Gunckel, Sales Manager of the Eastern Division. Gunckel was 34 years old. Before 2005, Appellee, Michael Kiepura was Senior Vice President of Sales for the Folding Carton Division. After 2005,

Kiepura was Executive Vice President of the Folding Carton Division. Gunckel reported to Kiepura.

{¶9} At the time of the reorganization, Hill counseled Gunckel on the sales people newly assigned to Gunckel. Hill recommended that Gunckel terminate Appellant's employment because Appellant demonstrated poor performance and declining sales. Appellant had decreased sales every year and in the last 39 months prior to his termination, Appellant only opened one new account. Dan Williams also recommended that Rock-Tenn terminate Appellant's employment. Gunckel declined to terminate Appellant at that time because he felt he could assist Appellant with his sales performance.

{¶10} When Gunckel met with his newly assigned sales representatives, he requested that they increase their sales. Appellant stated that Gunckel required Appellant to increase his sales goal to $10 million per year. Appellant also testified that Gunckel required Appellant to sell folding cartons other than the quick service cartons that Appellant was familiar with. Other Rock-Tenn sales people testified that due to the growth and reorganization of Rock-Tenn, the sales people were expected to sell all of Rock-Tenn's folding carton products to a variety of customers and they did so. In 2006, Gunckel requested that Appellant develop a list of prospective customers. Appellant did not provide the list to Gunckel until September 2006 and after Gunckel told Appellant that he would not ask for the list again. Appellant testified that he had difficulty in developing the list because he was required to look for customers in the Cleveland and Columbus area that were already being marketed by other Rock-Tenn sales people. Gunckel denied limiting Appellant to the Cleveland and Columbus markets.

{¶11} During Appellant's tenure with Rock-Tenn, Appellant received a bonus in 2006. Appellant also received effective performances on his employment reviews by Hill when Hill was his supervisor. Cole Harford, Appellant's largest customer, gave Rock-Tenn and its sales people a 10 on its customer survey. Williams testified that the favorable customer survey was through William's work at maintaining the relationship with Cole Harford, rather than Appellant's salesmanship.

{¶12} In December 2006, Rock-Tenn began interviewing Richard Burklew for a sales position within Gunckel's division. Richard Burklew was 43 years old. On January 8, 2007, it was confirmed that Burklew would be coming to Rock-Tenn. On January 10, 2007, Gunckel terminated Appellant's employment. Appellees stated that Appellant's employment was terminated because of Appellant's poor sales performance.

{¶13} Gunckel assigned a portion of Appellant's sales accounts to Burklew. Other accounts were assigned to another sales person, manufacturer's representatives, and customer service. When Conrad Hill officially retired, a portion of his accounts were assigned to Burklew.

{¶14} At the conclusion of Appellant's case in chief, Appellees moved for a directed verdict. The trial court denied the motion. Appellees renewed their motion for directed verdict on Appellant's claim of direct evidence of age discrimination. The trial court granted the motion. Appellant's claim of indirect evidence of age discrimination went to the jury. The jury was supplied with four interrogatories.

{¶15} On March 16, 2010, the jury returned with a verdict. The jury answered the first interrogatory in favor of the Appellant, finding that Appellant established a prima

facie case of age discrimination.  The jury found in the second interrogatory that by a preponderance of the evidence, Appellees overcame the presumption of age discrimination by articulating a legitimate, nondiscriminatory reason for Appellant's discharge from employment.  In the third interrogatory, however, the jury found by a preponderance of the evidence that Appellant did not establish that the legitimate, nondiscriminatory reason given by Appellees for Appellant's termination was mere pretext for unlawful discrimination.  Accordingly, the jury found in favor of Appellees.

{¶16}  Appellant did not file any post-trial motions.

{¶17}  It is from this decision Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶18}  Appellant raises three Assignments of Error:

{¶19}  "I. THE TRIAL COURT ERRED IN COMMENTING ON THE EVIDENCE TO THE JURY.

{¶20}  "II. THE TRIAL COURT ERRED IN ITS INSTRUCTIONS TO THE JURY ON AGE DISCRIMINATION.

{¶21}  "III. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR DIRECTED VERDICT ON THE ISSUE OF DIRECT EVIDENCE OF AGE DISCRIMINATION."

I.

{¶22}  Appellant contends in his first Assignment of Error that the trial court made comments on the evidence that were prejudicial to Appellant.

{¶23} Appellant points to two statements made by the trial court during Appellant's cross-examination of Appellee, Michael Kiepura. In the first instance, the interaction was as follows:

{¶24} "Q. In the period of December of 2006 in January of 2007, the Company hired Richard Burklew and terminated Gene Peters; is that right?

{¶25} "A. Yes.

{¶26} "Q. And at what point in the discussions in December of 2006 was it decided that the place to put Richard Burklew was principally into Gene Peters's customers?

{¶27} "THE COURT: Counsel, you're putting inferences in your questions that have not been established by any of the facts. Ask a question based upon facts, not your intuition.

{¶28} "MR. KELM: I have, Your Honor. We've established through evidence that no other salesman other than –

{¶29} "THE COURT: There is no testimony, sir, that Mr. Burklew replaced Gene Peters." (T. 643).

{¶30} Appellant argues the issue Appellant was developing was the element of replacement on Appellant's claim for a prima facie case of indirect evidence of age discrimination. Appellant states trial court's comment influenced the jury on the issue of Appellant's replacement by Richard Burklew.

{¶31} Appellant argues the second exchange with the trial court affected Appellant's ability to show the element of pretext. The second exchange was as follows:

{¶32} "Q. And was there any other salesman in the company that you're aware of in 2006 that had a restriction of one city or two cities to where they could sell folding cartons?

{¶33} "A. I'm not aware that Gene had a restriction of –

{¶34} "Q. I'm just asking if there's any salesman that you're aware of in 2006 that had a restriction to one or two cities to selling folding cartons.

{¶35} "A. I'm not aware of any salesman who had any restriction on a city or two, is that what you're saying?

{¶36} "Q. Right.

{¶37} "A. I'm not aware of any salesman having that restriction.

{¶38} "Q. So if, indeed, Gene Peters had been told he could sell in Columbus and he could sell in Northeast Ohio and he needed to clear those customers, that was contrary to what any other salesman had as a restriction; is that true?

{¶39} "MR. WEISS: Objection.

{¶40} "THE COURT: Sustained.  That's a complete misinterpretation of what he just testified to.  He said there were no restrictions.

{¶41} "MR. KELM: But the testimony before, Your Honor, was that Mr. Peters was told he could sell specifically in Columbus and specifically in Northeast Ohio.

{¶42} "THE COURT: He wasn't restricted to those locations.  There's no testimony that says he was restricted to those two locations.

{¶43} "MR. KELM: That was his testimony.

{¶44} "THE COURT: Not according to my notes."  (T. 656-657).

{¶45} Counsel for Appellant objected to the trial court's comments and moved the trial court for a curative instruction or a mistrial. The trial court denied the motion. During the charge to the jury, the trial court stated, "If, during the course of the trial, I said or did anything that you consider an indication on [sic] my views on the facts, you are to disregard the same." (T. 1351).

{¶46} The decision whether to grant a mistrial is one addressed to the sound discretion of the trial court. *Quellos v. Quellos* (1994), 96 Ohio App.3d 31, 41, 643 N.E.2d 1173. This Court may not substitute its judgment for that of the trial court absent an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. A mistrial should only be granted where the party seeking the same demonstrates that he or she suffered material prejudice so that a fair trial is no longer possible. *State v. Franklin* (1991), 62 Ohio St.3d 118, 127, 580 N.E.2d 1.

{¶47} The scope of cross-examination is governed by Evid.R. 611(A), which provides:

{¶48} "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

{¶49} The Tenth District Court of Appeals, in *Dublin Transp., Inc. v. Goebel* (1999), 133 Ohio App.3d 272, 727 N.E.2d 938 utilized the criteria found in *State v. Wade* (1978), 53 Ohio St.2d 182, 373 N.E.2d 1244 to determine whether a trial judge's

remarks were prejudicial in a civil case. In *Wade,* the Ohio Supreme Court held that a reviewing court must adhere to the following rules: (1) the burden of proof is placed upon the complaining party to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they are made, and (4) consideration is to be given to their possible effect upon the jury and the possible impairment of the effectiveness of counsel. *State v. Wade*, supra, at 188.

{¶50} We first find Appellant can show no prejudice as to the trial court's comments regarding Appellant's replacement by Richard Burklew because of the jury's affirmative finding on the first interrogatory that Appellant had established a prima facie case of age discrimination through indirect evidence. In order to show a prima facie case of age discrimination through indirect evidence, Appellant proved by a preponderance of the evidence that Appellant was replaced by, or his discharge permitted the retention of, Richard Burklew.

{¶51} We find no prejudicial error as to the trial court's second comment. Appellant testified that Gunckel limited Appellant to selling new folding carton products in the Cleveland and Columbus markets. (T. 233, 243). Gunckel, however, testified that he did not limit Appellant to Cleveland or Columbus. (T. 1114-1115). Kiepura testified that no sales person had a restriction on their markets. We find in this instance the trial court properly limited the scope of Appellant's cross-examination of Kiepura based on Evid.R. 611(A). Further, the trial court gave the jury a curative instruction to disregard its comments and the "presumption always exists that the jury has followed

the instructions given to it by the trial court." *Pang v. Minch* (1990), 53 Ohio St.3d 186, 187, 559 N.E.2d 1313, at paragraph four of the syllabus.

{¶52} Appellant's first Assignment of Error is overruled.

**II.**

{¶53} Appellant argues in his second Assignment of Error that the trial court erred in its instructions to the jury on age discrimination.

{¶54} Under Ohio law, a prima facie case of age discrimination may be proved either directly or indirectly. An employee "may establish a prima facie case of age discrimination directly by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent." *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272, paragraph one of the syllabus; *Smith v. E.G. Baldwin & Assoc., Inc.* (1997), 119 Ohio App.3d 410, 415, 695 N.E.2d 349. If, however, the employee is unable to establish a causal link or nexus between the employer's discriminatory statements or conduct and the act that allegedly violated the employee's rights under the statute, then the employee has not proved age discrimination by the direct method of proof. See *Byrnes v. LCI Communication Holdings Co.* (1996), 77 Ohio St.3d 125, 672 N.E.2d 145, cert. denied (1997), 521 U.S. 1104, 117 S.Ct. 2480, 138 L.Ed.2d 989. Without direct proof of discrimination, an employee may establish a prima facie claim of age discrimination indirectly by demonstrating he or she (1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age. *Coryell v. Bank One Trust Co., N.A.*, 101 Ohio St.3d 175, 803 N.E.2d 781, 2004-Ohio-723, at ¶ 20.

{¶55} Once an employee establishes a prima facie case of age discrimination, the burden shifts to the employer to provide some legitimate, nondiscriminatory reason for the action taken. *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 503, 575 N.E.2d 439. If the employer establishes a nondiscriminatory reason, the employee then bears the burden of showing the employer's proffered reason was a pretext for impermissible discrimination. *Owens v. Boulevard Motel Corp.* (Nov. 5, 1998), 10th Dist. No. 97APE12-1728; *Cruz v. South Dayton Urological Associates, Inc.* (1997), 121 Ohio App.3d 655, 659, 700 N.E.2d 675. The employee must prove the employer's nondiscriminatory reason was false and discrimination was the real reason for the action taken. *Wagner v. Allied Steel & Tractor Co.* (1995), 105 Ohio App.3d 611, 617, 664 N.E.2d 987.

{¶56} Appellant states the trial court abused its discretion in refusing to give Appellant's proposed jury instructions on age discrimination. Specifically, Appellant argues the trial court failed to give the correct prima facie case and burden shifting instruction and failed to correctly define "qualified," "replacement," and "pretext."

{¶57} To establish reversible error in the trial court's failure to give the requested jury instruction, Appellant must first show the trial court's refusal to give a proposed jury instruction was an abuse of discretion. *Jaworowski v. Med. Radiation Consultants* (1991), 71 Ohio App.3d 320, 327, 594 N.E.2d 9. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Generally, the court should give a proposed jury instruction if it is an accurate statement of the law applicable to the facts presented at trial and reasonable minds

might reach the conclusion sought by the instruction. *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 591, 575 N.E.2d 828. Second, Appellant must demonstrate that they were prejudiced by the court's refusal to give the proposed instruction. *Jaworowski v. Med. Radiation Consultants* (1991), 71 Ohio App.3d at 327, 594 N.E.2d 9.

{¶58} We first address Appellant's claimed error on the trial court's prima facie case and burden shifting instruction. Appellant argues the trial court failed to use the preferred jury instruction for age discrimination based on indirect evidence found under OJI §533.03. A review of the trial transcript shows the contrary. The trial court utilized OJI §533.03 that states the employee may prove his discrimination by presenting indirect evidence that age was a determining factor for his discharge. (T. 1338). The instructions further quote directly from OJI §533.03 to explain "determining factor." (T. 1338-1339).

{¶59} The jury instructions go on to explain how Appellant must establish a prima facie case of age discrimination through indirect evidence and the burden-shifting method. The trial court utilized the established Ohio law on age discrimination as stated above. We find the trial court did not abuse its discretion in using Ohio law for its jury instructions nor did the Appellant suffer prejudicial error by the trial court's reliance on Ohio law for the jury instructions.

{¶60} Appellant next argues the trial court erred in its definitions for "qualified" and "replacement." The jury instructions and verdict forms were supplemented by four jury interrogatories. The first interrogatory asked if the jury found by a preponderance of

the evidence that Appellant had established a prima facie case of age discrimination. The jury instructions stated:

{¶61}  "In order to establish a prima facie case of age discrimination by indirect evidence, Mr. Peters must prove by the greater weight of the evidence that 1, he was a member of the statutorily protected class; 2 was discharged; 3 he was *qualified* for the position; and 4, that was *replaced* by, or the discharge permitted the retention of, a person of substantially younger age."  (T. 1339).  (Emphasis added.)

{¶62}  The jury answered "yes" to the first interrogatory that Appellant had established a prima facie case of age discrimination.

{¶63}  The first interrogatory asked if Appellant proved a prima facie case of age discrimination, which was defined within the jury instructions to include the elements of "qualified" and "replaced."   We can find no error prejudicial to Appellant when Appellant successfully established a prima facie case of age discrimination as demonstrated by the first interrogatory.

{¶64}  Appellant finally argues the trial court erred in its definition of "pretext." The jury instructions stated as follows:

{¶65}  "If the employer articulates a non-discriminatory reason, the employee then bears the burden of showing that the employer's proffered reason was a pretext [f]or impermissible discrimination.   The employee must prove the employer's non-discriminatory reason was false and that discrimination was the real reason for the action taken." (T. 1340).

{¶66}  Appellant argues the correct method of determining pretext is found within *Manzer v. Diamond Shamrock Chemicals Co.* (C.A. 6, 1994), 29 F.3d 1078, 1084.  The

instruction provided by the trial court is well-settled Ohio law as relied upon in *Williams v. City of Akron*, 107 Ohio St.3d 203, 2004-Ohio-6268, 837 N.E.2d 1169.  The Ohio Supreme Court further stated that while we are able to look to federal interpretation of analogous statutes, we are not bound to apply such case law.  Id. at ¶ 31.

{¶67}  Appellant's second Assignment of Error is overruled.

**III.**

{¶68}  Appellant argues in his third Assignment of Error that the trial court erred when it granted Appellees' motion for directed verdict on Appellant's claim of direct evidence of age discrimination. We disagree.

{¶69} As stated above, Appellant can establish a prima facie case of age discrimination through direct or indirect evidence of discrimination.  An employee "may establish a prima facie case of age discrimination directly by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent."  *Mauzy v. Kelly Servs., Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272, paragraph one of the syllabus.  If the employee is unable to establish a causal link or nexus between the employer's discriminatory statements or conduct and the act that allegedly violated the employee's rights under the statute, then the employee has not proved age discrimination by the direct method of proof.  See *Byrnes v. LCI Communication Holdings, Co.* (1996), 77 Ohio St.3d 125, 672 N.E.2d 145.

{¶70} Appellant states that the direct evidence of Rock-Tenn's discriminatory intent can be shown by a comment made to Appellant by Dan Williams, the general manager of the Eutaw plant.  Appellant testified that Dan Williams told Appellant that he and Appellant were "old Rock-Tenn" and they would be fortunate to be there in another

two or five years. Dan Williams stated at trial that his comment about "old Rock-Tenn" had nothing to do with age: "[i]t had to do with a concept, a philosophy. When we went there when I was 20 or 30 years old, Rock-Tenn was a small company, had a different set of rules. * * * When the Company started buying other companies, we brought in other people, the Company changed and you had to change or else you were not there. * * * I'd tell him, don't become part of the old Rock-Tenn, get out of that mode. You've got to think about the new Rock-Tenn; move forward, change. * * * Gene and I had very frank conversations. And it had nothing to do with age. It was the growing of the company, growing of Eutaw that if we didn't grow sales, produce products, make a profit for Rock-Tenn, that we would not be there." (Tr. 792-794).

{¶71} Appellees moved for a directed verdict at the close of Appellant's case, but the trial court denied the motion. Appellees renewed their motion for directed verdict at the close of all evidence arguing that Appellant failed to establish direct evidence of discrimination. A trial court can grant a motion for a directed verdict only after finding that reasonable minds could reach but one conclusion on any determinative issue and that conclusion is adverse to the party opposing the motion. Civ.R. 50(A)(4). This "reasonable minds" test calls upon a court to determine only whether there exists any evidence of substantial probative value in support of the claims of the non-moving party. *Akers v. Saulsbury*, 5th Dist. No. 2008–CAE–12–0070, 2010–Ohio–4965, ¶ 10. We must construe the evidence most strongly in favor of the party against whom the motion is made and neither weigh the evidence nor determine the credibility of the witnesses in ruling upon a motion. Id. Our review of the trial court's disposition of the motion is de novo. Id.

{¶72} We find the trial court correctly determined that reasonable minds could only conclude that the evidence reviewed in a light most favorable to Appellant demonstrated that Appellant failed to establish his claim of direct evidence of discrimination. Appellant argues that he established a case for discrimination through direct evidence by Dan Williams's statement about "old Rock-Tenn." Our review of the testimony shows Appellant did not establish a causal link between Dan Williams's comment about "old Rock-Tenn" and Appellant's eventual termination from Rock-Tenn.

{¶73} Appellant's third Assignment of Error is overruled.

{¶74} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.

Wise, P.J. and

Edwards, J. concur.

HON. PATRICIA A. DELANEY

HON. JOHN W. WISE

HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

EUGENE N. PETERS                      :
                                      :
    Plaintiff-Appellant               :
                                      :
-vs-                                  :          JUDGMENT ENTRY
                                      :
ROCK-TENN CO., ET AL                  :
                                      :
    Defendants-Appellees              :          Case No. 10CAE040030

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant.

 

 

_____

HON. PATRICIA A. DELANEY

 

_____

HON. JOHN W. WISE

 

_____

HON. JULIE A. EDWARDS